ROBERT STRUTHERS, Respondent, *v.* GEORGE PEARCE et al., Appellants.

Where a General Term order recites the fact of an appeal from the order of Special Term considered therein, it will be assumed that such an appeal was taken, although no notice of appeal is contained in the case.

Plaintiff claimed as a copartner and received a one-fourth interest in a lease taken by defendants in their own name. An extra allowance was granted him under the second clause of section 309 of the Code, based upon the value of the lease. *Held,* error; that the subject of litigation was simply the one-fourth the value of the lease, and, adopting either of the three classes specified in said clause, the recovery, the claim, or the subject-matter involved, it would embrace not the whole value of the lease, but only the one-fourth thereof.

(Argued September 24, 1872; decided January term, 1873.)

APPEAL by the plaintiff from so much of the judgment of the General Term of the Court of Common Pleas, of the city and county of New York, as reduces the allowance made to him at Special Term, under section 309 of the Code.

The facts in the case on the merits are fully stated in the opinion of the chief commissioner, on an appeal by the defendants from the residue of the judgment,*and so far as they relate to this appeal are as follows: On the 18th day of March, 1868, an order was made at Special Term, by Judge BRADY, who tried the issues, after hearing counsel on both sides, "that the plaintiff have an allowance, pursuant to section 309 of the Code, of $1,250."

---

\* See *ante,* p. 357.

No separate appeal from that order to the General Term appears in the case, but it is stated in an order of the General Term, set forth therein, bearing date the twenty-sixth day of October, 1868, that an appeal from an order at Special Term of March 18, 1868, granting an allowance to the plaintiff of $1,250, came on to be heard, and that after hearing counsel for both parties, it was ordered that said allowance be reduced to the sum of $512; and it was stated in the order that the reduction was made " on the ground that section 309 of the Code only authorizes an allowance upon the value of the interest of the plaintiff in the case."

It also appears from the same order that an appeal from the judgment also came on to be heard, and on hearing the same counsel, it was ordered, adjudged and decreed that the same judgment be in all things affirmed, with costs, except that the costs of the judgment at Special Term be reduced to $676.62 in place of $1,414.62.

Subsequently, on the 9th day of November, 1868, a judgment was entered in conformity with that order, and the appeal is taken from the judgment.

*Aug. F. Smith* for the appellants. An order granting an allowance is an order which affects a substantial right and is appealable. (Code, §§ 332, 349, sub. 3; *Kanouse* v. *Martin*, 6 How., 240, Ct. App.) The allowance was well granted upon the basis of the value of the lease. (Code, § 309; *People* v. *A. and V. R. R. Co.*, 16 Abb., 465.) The error of the General Term in deciding that the Code only authorized an allowance upon the value of plaintiff's interest, is reviewable here. (*People* v. *N. Y. C. R. R. Co.*, 29 N. Y., 418–422.)

*John K. Porter* for the respondent. This court has no jurisdiction to review an order of the General Term reversing or modifying an order for an allowance made at Special Term. (*Clark* v. *City of Rochester*, 34 N. Y., 355; *People* v. *Cent. R. R.*, 29 id., 418.)

LOTT, Ch. C.   It is stated by the plaintiff's counsel, in his points on this appeal, that no appeal was taken from the order of March 18, 1868, at Special Term, giving him an allowance, pursuant to § 309 of the Code, of $1,250, which he says "was based upon the value of the lease;" that the General Term, nevertheless, reduced it to $512, on the ground that an allowance under that section is only authorized upon the value of the interest of the plaintiff in the suit; and he thereupon insists that the General Term could not review an order granting an allowance upon an appeal from the judgment, it not being, as he claims, an order "involving the merits." He further says, it is an order which "affects substantial rights" within subdivision three of section 349, and is appealable; but "the appeal must be from the order, and must be taken within thirty days."

I find on a reference to the facts bearing on that question, as they appear in the case, and as I have detailed them in the statement preceding this opinion, that the counsel is mistaken, although no notice of appeal is set forth in the case, the order of General Term of 26th October, 1868, reducing the allowance, recites the fact of an appeal from the order of Special Term granting it. It must, therefore, be assumed that one was taken, and its omission from or non-insertion in the case must be chargeable to him. It was his duty to insert it, and he cannot take advantage or complain of the omission.

The question will, therefore, be considered on its merits.

The allowance at Special Term, as it is conceded by the appellant, was based "upon the value of the lease." This is not in accordance with a proper and the correct construction of the Code. It is provided by section 308 that, in addition to certain allowances given in previous sections, there shall be allowed to the plaintiff upon the recovery of a judgment by him in certain actions (not including this) specific rates of compensation; and in the following section (309) it is declared that those rates shall be estimated upon the value of the property claimed, attached or affected in certain cases, and on the amount

found due or unpaid upon a mortgage in an action for the foreclosure thereof. It then, after making provision for an allowance on future installments in a foreclosure suit, and how the amount of value in the other cases shall be determined, concludes as follows: " In difficult and extraordinary cases, where a defence has been interposed, or in such cases where a trial has been had, and in actions or proceedings for the partition of real estate, the court may also, in its discretion, make a further allowance to any party, not exceeding five per cent upon the amount of the recovery or claim, or subject-matter involved."

If we adopt either of the classes of cases there provided for, the allowance was excessive. The claim of the plaintiff in the prayer of his complaint is that he may be paid one-fourth of the proceeds of the lease in question on the sale thereof; the recovery did not exceed his claim, and that was the whole amount of the " subject-matter involved " in this action.

The plaintiff's claim was for the recovery of money; and although, in ascertaining what he was entitled to, it became necessary to determine the value of the entire lease—one-fourth of its value only was at issue, and the actual specific subject of litigation—I will only add that I consider it very doubtful whether this case is one where the allowance is to be regulated by the " subject-matter involved." It might, as it seems to me, be claimed with equal propriety that a plaintiff, who commenced an action for the settlement of partnership matters and accounts, and the payment of his share as a partner, could have an allowance made him, based on the entire amount of assets involved in the settlement.

Without, however, deciding that question, it is sufficient to say that the amount allowed at Special Term was erroneous, and the General Term properly reduced it.

Their judgment, so far as it made such reduction, must therefore be affirmed, with costs to respondent.

All concur.

Judgment accordingly.