# SUPREME COURT.

OREN F. BROWNING agt. FERNANDO DE C. VANDERHOVEN *et al.*

*Costs — Administrator's bond — Liability of surety for costs awarded by surrogate to counsel, on application by a creditor of the estate for an accounting by administrator, and also payment of creditor's claim.*

The defendants are sureties on an administrator's bond, conditioned for the faithful execution of the trusts reposed in the administrators, and their obedience to all orders of the surrogate touching such administration. A creditor, represented by plaintiff as her counsel, filed her petition with the surrogate for an accounting by the administrators of all the effects received by them, and also for the payment of her claim. The administrators were required to account, and such account embraced their entire transactions in the estate, which was shown to be of the value of $1,495. The surrogate directed payment, among other things, out of the moneys so shown to be in their hands, the sum of seventy dollars to the plaintiff, which was allowed him as a reasonable counsel fee in the proceedings, and which was less than five per cent upon the value of the property involved in the account.

*Held,* that in such a case the creditor is only entitled to an allowance upon his judgment, not upon the value of the property sought to be reached.

*Held,* further, that the decree of the surrogate was not conclusive upon the sureties, as the surrogate exceeded his jurisdiction in making the allowance.

*Special Term, May,* 1878.

ALL the material allegations of fact are undisputed. It is admitted that, on the 25th day of May, 1875, the defendants executed the bond set forth in the complaint, conditioned for the faithful execution of the trusts reposed in the administrators of William R. Hazlett, deceased, and their obedience to all orders of the surrogate touching such administration.

That, on the 29th May, 1875, letters of administration were duly issued to such administrators, who thereupon duly entered upon the duties of their office.

That Emily Kelly, a creditor of the estate of the deceased, subsequently filed her petition with the surrogate for an accounting by said administrators of all the effects received by them, and also for the payment of her claim.

That thereupon the administrators were required to account, and such account embraced their entire transactions in such estate, which included the filing of an inventory of all the property they had received and an account of all their disbursements, whereby it appeared that the value of the estate thus accounted for was $1,495.

Upon this showing, the surrogate directed payment, among other things, out of the moneys so shown to be in their hands, the sum of seventy dollars to the plaintiff in this suit, which was allowed him as a reasonable counsel fee in the proceedings, and which was less than five per cent upon the value of the property involved in the account.

That a certificate of said decree was thereupon duly filed in the office of the clerk of the city and county of New York, and an execution thereupon duly issued as of a judgment of the court of common pleas, which was returned wholly unsatisfied; and that thereupon the surrogate, on or about the 12th day of November, 1877, by an order under his hand and seal, duly assigned to the plaintiff the bond of the defendants for the purpose of prosecuting the same in his behalf, pursuant to the statute in such case made and provided. In other words, no question was made as to the regularity and correctness, in point of form, of all the proceedings set forth in the complaint as constituting the basis of the action.

*O. F. Browning*, in person. *Charles H. Munday*, of counsel.

I. The decree of the surrogate, that the administrators pay

Browning agt. Vanderhoven *et al.*

to the plaintiff the sum of seventy dollars as a reasonable counsel fee allowed him in the proceedings, whether it run against the administrators personally or against the estate, was an order touching the administration of the estate, and came within the condition of the bond. In point of fact, however, it only required the administrators to pay the same out of the funds in their hands belonging to the estate. This is apparent from the language of the decree. After reciting the accounting proceedings, and that so much money was found in their hands " properly applicable thereto," it then goes on to provide for the payment, *first*, of the debt of Emily Kelly, and, *second*, the sum awarded to the plaintiff herein as his counsel fee. No presumption will be indulged to the effect that the administrators shall personally be liable therefor. To have such an effect, the language of the decree must admit of no other construction.

II. The position assumed by the defendants' counsel upon the trial, that the allowance of the surrogate to counsel belonged to the client and not to the counsel, is not tenable. The case of *Noyes et al* agt. *The Children's Aid Society* (10 *Hun*, 289 ; 53 *How.*, 10), subsequently affirmed in the court of appeals (5 *Weekly Digest*, 130), which was cited and relied upon in support of that position, does not warrant such construction. It simply decides that, in granting such allowances to counsel in any proceedings before him, his power is confined to the manner prescribed in sections 308 and 309 of the Code of Procedure. Indeed, this follows necessarily from the very language of the statute (*Laws of* 1870, *chap.* 359, *sec.* 9). This statute differs very materially from the Code of Procedure as to the person to whom the allowance can be made. The latter expressly provides that the costs and allowances shall be made and belong to the party to the action, leaving him to settle with his counsel as he may see fit. It is in the nature of an indemnity to the client for the expenses incurred by him for counsel. At common law, the costs or fees incident to actions belonged to the attorney, and not to the

party. The Code of Procedure modified the common law in this respect; not so, however, with that section of the statute which empowers the surrrogate to grant allowances; by its express terms, such allowances are to be granted to counsel, and not to the party. All that is decided, therefore, by the case cited is that, in making such allowance to counsel, the surrogate shall be limited as to the amount, for example, by the provisions of the Code of Procedure.

III. The surrogate, by the provisions of the Code of Procedure, was authorized to award the plaintiff five per cent of the amount of the subject-matter involved, and was not limited, as was contended by the defendants' counsel, to five per cent of the amount of the creditor's claim. If the petition to the surrogate had been simply for the payment of the petitioner's claim, and the proceedings had thereon involved only the payment of such claim, the defendants' position would perhaps be sound. But in this case the administrators had never filed an inventory or rendered an account of their proceedings, and it was an essential prerequisite to the obtaining of the relief asked for that such an account should be rendered. This accounting, which was had under the supervision of the petitioner's attorney, involved for its subject-matter the entire estate, amounting to about $1,500. Such accounting took the usual course of reference to an auditor, the taking of testimony, objections to the account, filing the report of the auditor, the motion to confirm the same, and the decrees for the settlement thereof. This was not simply for the benefit of the petitioning creditor, but on behalf of, and inured to the advantage of, all other creditors and persons interested in the estate, and saves to them the necessity and expense of such a proceeding on any other application. It is in this respect analogous to an action in this court for a partition of real estate wherein, although the plaintiff's claim or interest may bear a small proportion to the entire estate, there is necessarily involved the value of the whole property,

and the courts have uniformly felt authorized to grant to the attorney an allowance limited only by the total value.

IV. The plaintiff is entitled to judgment against the defendant, for the full amount claimed, and costs.

*D. M. Porter*, for defendant Cummings. The defendant, George F. Cummings, is the sole defendant served, and consequently all inquiries relate to him.

I. The defendant Cummings gave his bond, *i. e.*, became surety, that the administrators, &c., would obey all orders, &c., but only such orders as authorized payments out of the estate; in other words, they were sureties that the fund should not be dissipated. Consequently this defendant is not responsible for costs which are not expressly charged upon the fund or payable out of it by force of law. Now, if the defendant Cummings pays these costs, the other creditors or the heirs can successfully compel payment to them of all the estate except the amount of principal and interest paid to Kelly, exclusive of the costs and counsel fee. The administrators cannot pay this counsel fee out of the estate (*Farrin* agt. *Myrick*, 41 *N. Y.*, 315; *Austin* agt. *Monroe*, 4 *Lans.*, 67; *S. C.*, 47 *N. Y.*, 360). Consequently the defendant Cummings is not liable, as it is an act between others, and not for what he became surety.

II. The costs and allowance belong to Kelly, and not to the plaintiff (*Code*, 309; *Noyes* agt. *Children's Aid Society*, 10 *Hun*, 289; *S. C.*, 53 *How.*, 10). Laws 1870, page 828, provides that the allowance shall be "in lieu of costs," and shall be allowed *in the same manner* as are now *prescribed* by the *Code of Procedure*, and under the Code the costs belong to the client. The authorities are uniform to this.

III. The surrogate had no jurisdiction to allow more than five per cent on $137.50 principal and the interest at the date of the surrogate's order, some eleven or twelve dollars. By the act of 1870 the surrogate can only allow the parties on the amount of their claim. When the other creditors come

in, they will ask an allowance. The subject-matter of the allowance is the amount involved in the controversy, *i. e.*, Kelly's claim, which she asks to recover. Neither what is left by her nor the value of what is left authorizes an allowance upon that (*The People* agt. *N. Y. and S. J. F. Co.*, 68 *N. Y.*, 71; *see bottom of page* 82 *and top of page* 83). By the law it can only be five per cent on the amount recovered by Kelly. The recovery of the judgment by Mrs. Kelly concludes the plaintiff. Judgment should be for the defendant.

BARRETT, *J.* — It was the creditor's demand, and not the estate itself, which was the subject-matter involved in the proceeding before the surrogate. The accounting was but an incident. It is not analogous to a partition suit, as claimed by the plaintiff, nor to an action to restrain the erection of a structure (68 *N. Y.*, 71), as the defendants insist, but rather to a creditor's bill.

In such a case the creditor would only be entitled to an allowance upon his judgment, not upon the value of the property sought to be reached.

This is well settled in *Struthers* agt. *Pearce* (51 *N. Y.*, 365). The plaintiff claimed as a copartner and recovered one-fourth interest in a lease taken by the defendants in their own name. It was held that he was entitled to an extra allowance only upon the one-fourth. The claim of an allowance upon the value of the lease was repudiated, LOTT, Ch. J., remarking : "It might, as it seems to me, be claimed with equal propriety that a plaintiff who commenced an action for the settlement of partnership matters and accounts, and the payment of his share as a partner, could have an allowance made to him based on the entire amount of assets involved in the settlement."

Further, this construction is the only reasonable one ; otherwise a number of small creditors applying for payment at the same time might consume the estate in allowances.

Then look at the converse. Will it be contended that, if the surrogate had dismissed the creditor's proceeding, she could have been mulcted in five per cent upon the entire estate? Both on principle and authority it seems clear that the allowance in question was without jurisdiction.

The question remains as to whether these sureties can take the objection.

The object of the statute (*Laws of* 1870, *chap.* 359, *sec.* 1) appears to be to place the surrogate's court, in this matter of jurisdiction, upon the same plane as courts of general jurisdiction. Under this section, the remedy of the administrator was probably limited to an appeal. The sureties, however, were not parties to the record, and ·could take no appeal. It is doubtful whether they could move the surrogate and, in case of his adherence to the original judgment, obtain a review by appeal from the denial of their motion.

Be that as it may, the legislature never intended, as to the parties *déhors* the record, to overturn the general policy of the law, which allows the fullest inquiry into jurisdiction. *Schofield* agt. *Churchill* (*reported in the N. Y. Weekly Digest* · *of April* 29, 1878, *vol.* 6, *No.* 9) is not in point.

In that case there was no question of jurisdiction. The bond was executed to save the executor from removal on a charge, substantially, of misappropriation; and the defense of this very misappropriation was, therefore, clearly frivolous. The decree in that case was, of course, conclusive upon the sureties. The court said it was conclusive in the absence of fraud and collusion; we may add, in the absence of an excess of jurisdiction.

There must be judgment for the defendants, with costs.