WILLIAM WEAVER et al., Appellants, *v.* CHARLES ELY et al., Respondents.

The will of R. gave to plaintiffs certain legacies, payable after the debts of the testator had been discharged. Plaintiffs brought this action for an accounting by certain of the defendants, as executors and trustees under said will, and for a payment of the amount found due, out of the property in their hands ; or, if this proved insufficient, out of the real estate in the hands of the other defendants, " so far as the same might be applicable." The referee found that the testator was insolvent, that the real estate in question was sold to pay debts and the complaint was dismissed. Defendants appeared by different attorneys, and an extra allowance of costs was made to each. *Held*, error ; that the facts furnished no basis on which an extra allowance could be computed under the provision of the Code of Procedure in reference thereto (§ 309), as there was no " recovery," or " claim " for the payment of any fixed sum, and " the subject-matter involved" was plaintiffs' interest when ascertained, which proved to be nothing.

(Argued November 12, 1880; decided December 1, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 14, 1878, affirming a judgment in favor of defendants, entered upon the report of a referee ; also, affirming an order of Special Term, which granted to each of the several defendants an extra allowance of costs.

This action was brought by plaintiffs, as legatees under the will of Fowler M. Ray, deceased ; they asked for an accounting by defendants Ray and Ely, as executors and trustees under said will, and for payment by them, out of the assets in their hands, of the amounts found due plaintiffs, and in case the said assets should be found insufficient for that purpose, that certain real estate, described and alleged to be in the hands of the other defendants, should be charged with the deficiency. The referee found, in substance, that the testator was insolvent and his estate insufficient to pay his debts at the time of his death, that the real estate in question was sold to pay debts, and that a final account had been filed by the exec-

utors with the surrogate, and directed a dismissal of the complaint.

The further material facts appear in the opinion.

*R. S. Guernsey* for appellants. The defendants were united in interest and were not entitled to separate bills of cost. (Code of Procedure, § 306; 2 Daly, 182.) The referee's certificate, on which the motion for an extra allowance was founded, states only his conclusions; this was not sufficient. (*Gori* v. *Smith*, 6·Rob. 563.) There were no data to fix the amount involved and the motion should have been denied. (*Coleman* v. *Chauncey*, 7 Rob. 579; *Struthers* v. *Pearce*, 51 N. Y. 365.) Where there are separate bills of costs there should be no extra allowance. (*Matthewson* v. *Thompson*, 9 How. 231.) This was not a "difficult and extraordinary case" which would authorize an extra allowance. (*Duncan* v. *De Witt*, 7 Hun, 184.)

*Wm. Bliss* for respondents Ely and Ray. The allowance did not amount to five per cent on the value of the claim involved and hence there was no appeal on this point. (*Krekeler* v. *Ritter*, 62 N. Y. 372.)

*Jas. K. Hill* for respondent William Nelson. This court cannot review the exercise of the discretion of the court below in granting allowances. (*Sheridan* v. *Jackson*, 72 N. Y. 173.)

DANFORTH, J. The appellants fail to point out any finding of fact made by the learned referee without evidence in its support, and as it is clear that the facts found warrant his conclusions of law, the judgment upon the merits must be affirmed. Another question is, however, presented by an appeal from the order giving an extra allowance of costs, and as to that the result is different, for we are unable to find any matter stated which brings the case within the provisions of the Code relating to that subject. The defendants appeared by six different attorneys; they have had given to them separate bills of costs, and an extra allowance amounting to $2,250, one part to each

in sums varying from $300 to $390. The motion for this allowance was made upon the pleadings, the referee's report and certain affidavits. By the action the plaintiffs sought an accounting by the principal defendants, as trustees and executors, and prayed that the amount found due to them, under the will in question, be paid out of the assets and property yet in the hands of these defendants, or if that was insufficient, then from the real estate in the hands of the other defendants, " so far as the same might be applicable." A defense was interposed, and a trial had, which resulted, at the close of the plaintiffs' case, in a dismissal of the complaint; but I am unable to find any facts stated in the papers which furnish any basis on which an extra allowance could be computed. It must not exceed "five per cent upon the amount of the recovery or claim, or subject-matter involved." (Code, § 309.) There was no recovery.; the claim was for an accounting, not for the payment of a fixed sum; but for such an amount as should, on this accounting, be found due to the plaintiffs under the will set forth in the complaint. It was undefined, and to be ascertained only by the result. The plaintiffs' legacies were payable only after the debts of the testator had been discharged, and it is found, by the referee, that the estate was insolvent. The plaintiffs' interest, when ascertained, would have been "the subject-matter involved," as in *Struthers* v. *Pearce* (*infra*). Nothing else can be gathered from the pleadings or the referee's report. Nor do the affidavits aid the defendants. It is stated in that of the attorney for the defendants Lang, Wheeler and Bailey, that the value of the real property belonging to them, sought " to be affected by this action, was upwards of $5,000 ; " but it could in no event be affected beyond the amount of the plaintiffs' claim, and that, as we have seen, was indeterminate. The other affidavits are silent as to this fact.

It is said " that the amount involved is upwards of $60,000," and that the allowance does not exceed five per cent on this sum, but, as I have above suggested, the amount involved could only be the plaintiffs' interest when ascertained, not the

nominal amount of their legacies. Nor can it be the amount of the estate.

In *Struthers* v. *Pearce* (51 N. Y. 365) the plaintiff claimed as copartner, and recovered one-fourth interest in the property in controversy; an extra allowance was estimated upon the value of the whole, but the court said: "Although in ascertaining what he was entitled to, it became necessary to determine the value of the entire lease; one-fourth of its value only was at issue, and the actual specific subject of the litigation;" it was also considered doubtful whether the case was one where the allowance could be regulated by the subject-matter involved.

To the same effect is the decision in *The O. & L. C. R. R. Co.* v. *Vermont & C. R. R. Co.* (63 N. Y. 176).

So far as the case before us is disclosed, no basis is furnished upon which an allowance, if proper, could be estimated; we, therefore, think the order granting the extra allowance should be reversed and the judgment appealed from modified, by deducting therefrom the additional allowance and as so modified should be affirmed, without costs to either party upon this appeal.

All concur.

Judgment accordingly.