HENRY C. ADAMS, APPELLANT, v. ALGERNON S. SULLI-VAN, PUBLIC ADMINISTRATOR, ETC., OF HENRY ADAMS, DECEASED, AND OLIVER M. ARKENBURGH, GUARDIAN, ETC., AND OTHERS, RESPONDENTS.

*Extra allowance — when it cannot be granted — effect of a, notice attached to a summons that judgment will be taken for an amount named.*

Upon the trial of this action, brought to obtain an accounting of the affairs of an alleged partnership, the court found that no partnership existed and directed that a judgment be entered in favor of the defendants, to whom it awarded costs and an extra allowance of $2,000.

*Held*, that although ordinarily such an allowance is made in an order, and a party aggrieved thereby must review the order by an appeal therefrom, yet as the justice had included the allowance, divided among the several defendants, in his conclusions of law upon which the judgment was entered, the propriety of granting the same might be considered on the appeal from the judgment.

That as the amount of the extra allowance is to be computed upon the sum recovered or claimed, or the value of the subject-matter, and as it was decided that the plaintiff was not entitled to recover anything, and as neither the summons nor complaint stated any amount which was sought to be recovered, no extra allowance could be granted.

That the fact that a notice attached to the summons stated that in case of a default the plaintiff would take judgment for $65,000 was of no effect whatever, and did not show any amount claimed, as the case was one in which judgment could only be taken on application to the court.

APPEAL from a judgment dismissing the complaint, entered in Montgomery county, upon the trial of this action by the court without a jury.

*H. C. Adams*, for the appellant in person.

*Robert F. Little*, for the respondents Sullivan and Arkenburgh.

*L. C. Whiton*, guardian *ad litem*, for the infant respondent.

*Fred. M. Littlefield*, for the respondent Maria F. Babcock.

LEARNED, P. J.:

This action is brought for an accounting of an alleged partnership. The complaint, besides alleging the partnership, alleges that Henry Adams, deceased, the alleged partner, under an agreement

so to do, invested partnership funds in certain specified investments of real and personal estate; to the proper share of which, and of the income therefrom, plaintiff alleges that he is entitled. The complaint further alleges a certain trust of real and personal property made by Henry Adams, deceased, and certain litigations in respect thereto.

It is not made clear how these allegations are pertinent to the subject-matter of the controversy.

The issue joined in this complaint, and the answer, came on to be heard at Special Term, a jury being waived.

A motion for a reference had previously been made and denied, apparently on the ground that the existence of a partnership had been put in issue, and that that matter should be determined before an accounting should be had, if had at all.

The learned justice who heard the case held that no partnership had been shown to have existed; and that no agreement to invest funds as alleged in the complaint had ever been made by Henry C. Adams, deceased.

We have examined the evidence, and we think these findings are well sustained.

There can be no question that the proof entirely failed to establish a partnership or the alleged agreement to invest.

This conclusion of the learned court entitled the defendants to judgment in their favor.

And in his discretion, to costs, he awarded costs to the several defendants. This was proper.

He also awarded an extra allowance of $2,000.

Ordinarily, such an allowance is made in an order, and then if a party desires to appeal, he appeals from the order.

Here the learned justice has included the allowance (divided among the several defendants) in his conclusions of law, on which the judgment has been entered.

It may, therefore, not be improper to consider the allowance in this appeal from the judgment. No other mode seems open to the plaintiff.

The plaintiff claims that no costs could be awarded on these preliminary issues. We do not think that this is correct. If the court had found that a partnership had existed, then he would have

ordered a reference for an accounting, and in that case no final judgment could have been entered until the accounting had been completed. But now the court finds that there was no partnership. That is an end of the action. Nothing remains except to appeal from the judgment. It was therefore proper for the court to award, in his discretion, costs and an extra allowance.

The extra allowance is to be computed upon the sum recovered or claimed or the value of the subject-matter involved. (Sec. 3253.)

Plaintiff's summons had a notice attached that in default he would take judgment for $65,000. (Section 419.) This action is not one specified in section 420. Judgment could only be taken by application to the court. (Section 1214.) It does not appear that in such a case the notice is of any use — and the notice, therefore, does not show an amount claimed, nor does the complaint, which asks for a discovery and accounting. There was no sum recovered.

Then the question is, what is the value of the subject matter involved. No affidavits are made which establish this amount. One which was used states that the action was brought to recover $65,000. But that is only taken from the notice above mentioned.

There are allegations in the complaint that the annual profits of the partnership amounted to $5,000. But this is shown to be untrue by the finding that there was no partnership. So are all the allegations as to investments and their value. No such investments exist, as the court has found.

In *Weaver* v. *Ely* (83 N. Y., 89), legatees brought an action for an accounting and for payment of the amount due from personal property, or, if insufficient, from real estate. It was claimed that the amount involved was upwards of $60,000, and extra allowance had been given. But it proved that the testator's estate was insolvent, so that plaintiffs could get nothing. And the court held that the subject-matter involved was nothing. That case was very similar to the present; and the court say that the claim was for an accounting, and that plaintiff should be paid what should be found due on the accounting. The plaintiffs in that case were entitled lawfully to their legacies and to an accounting. Here the plaintiff is entitled not even to an accounting. The amount involved, said the court, could only be the plaintiff's interest, when ascertained, not the nominal amount of their legacies. So, here, the amount

involved is not the alleged property which Henry Adams may have had, but plaintiff's interest therein, and he had none.    See *Struthers* v. *Pearce* (51 N. Y., 365) at the close of the opinion ; *Budd* v. *Smales* (N. Y. Daily Reg., March 19, 1884, cited 8 Civil Pro., 230), which is very similar to the present case.    Of course there are cases where the plaintiff claims some specific thing or right and is unsuccessful.    Then the value of that thing or right is the subject-matter, although there be no recovery.    But here the plaintiff asked an accounting and payment of what might appear to be owing to him. No proof is given of the value of any matters as to which he asked an accounting, even if such proof would have been material under the case last cited.

We are, therefore, of opinion that the allowance of $600 to Maria F. Babcock, of $1,150 to Oliver M. Arkenburgh, and of $250 to Louis O. Whiton, should be stricken out of the judgment, and that otherwise the judgment should be affirmed, without costs of appeal.

Bockes and Landon, JJ., concurred.

Extra allowance stricken out, and as thus modified judgment affirmed, without costs to either party except the public administratoi .