JAMES FRASER AND WILLIAM H. WALKER, EXECUTORS, ETC., OF JOHN McNAUGHTON, DECEASED, RESPONDENTS AND APPELLANTS, *v.* MARGARET McNAUGHTON AND OTHERS, RESPONDENTS, THE TRUSTEES OF THE GENERAL ASSEMBLY OF THE UNITED PRESBYTERIAN CHURCH OF NORTH AMERICA, APPELLANT.

*Will — equitable conversion of real estate into personalty.*

A testator, by his will, provided as follows: "I do hereby authorize and empower my executors, or a majority of them, as soon as convenient after the death of my wife, to sell and dispose of my real and personal estate of which I may die seized, on such terms as to the said executors, or a majority of them, shall seem just and proper, within three years after my wife's death." And further provided: "I hereby authorize and empower my executors, or a majority of them, as soon as convenient after my decease, to sell and dispose of my real estate of which I may die seized, on such terms as to the executors, or a majority of them, shall seem just and proper, within three years from my death; and until said real estate is sold I hereby authorize my executors to take charge and supervision over it and the avails of the said real estate, together with such balance as shall remain of my personal property after all debts, charges, funeral expenses and legacies are paid off as provided for, together with all expenses and charges of executing this will "

In an action brought to obtain a construction of the will it was claimed by a beneficiary named therein that, under the aforesaid provision of the will, upon

the principal of equitable conversion, the real estate of the testator must be deemed to have been converted into personal property.

*Held*, that as it was no where made the duty of the executors to sell the real estate, and as it did not appear that the testator intended that the same should be sold by them in any event, that the doctrine of equitable conversion was not applicable.

APPEAL by the plaintiffs from an order made at a Special Term held in the county of Monroe on the 1st day of August, 1888, and entered in the office of the clerk of the county of Livingston, August 3, 1888, and from so much of said order as awards to the defendant, the Trustees of the General Assembly of the United Presbyterian Church of North America, an allowance of the sum of $350, to the infant defendants George Halsted Bristol and Larius Fillmore Bristol, Jr., an allowance of the sum of $350, and to the defendants Margaret McNaughton and others an allowance of the sum of $300.

APPEAL by the defendant, the Trustees of the General Assembly of the United Presbyterian Church of North America from a judgment of the Supreme Court, entered in the office of the clerk of the county of Livingston on the 3d day of May, 1889, construing the will of John McNaughton, deceased, and from the whole of said judgment, and from such parts thereof as adjudged and decided that under said will there is no equitable conversion of the real estate of said decedent into personal, and that the bequest and devise in said will to said defendant. is void, and that the portions of the real estate of said John McNaughton, mentioned in items 10, 11 and 12 of his said will, are not disposed of by said will, but descend to his heirs-at-law, with notice of an intention to bring up for review, upon said appeal, so much of the order, entered in the Livingston county clerk's office on the 3d day of August, 1888, as awards an extra allowance of costs to the plaintiff.

*J. W. Taylor*, for the Trustees, etc., of the United Presbyterian Church, etc., appellant.

*L. N. Bangs*, for the executors, respondents and appellants.

*P. M. French*, guardian *ad litem* of the infant defendants.

MACOMBER, J.:

This action is brought to obtain a construction of the will of John McNaughton, deceased, which bears date February 26, 1880, and which was admitted to probate July 9, 1881. The only survivors of the testator are his two grandchildren, the infant defendants, George Halsted Bristol and Larius' Filmore Bristol, and Margaret McNaughton the widow of the deceased. The appellant upon the principal question the Trustees of the General Assembly of the United Presbyterian Church of North America, is a corporation organized under the laws of Pennsylvania, and is a benevolent, charitable and religious missionary society, within the meaning of chapter 360 of the Laws of 1860 of New York, and is not author ized to take real estate by devise by the laws of this State. Its counsel attempts to procure an adjudication on this appeal to the effect that, under the principle of equitable conversion, the real estate of the testator must be deemed to have been converted into personal property, and that, consequently, the appellant can receive the share so given to it by the will, which is three-fourths of the residuary part of the estate. If the principle of equitable conversion can be applied to this case, the appellant would be entitled to receive the share for which it contends, otherwise not.

The question is to be determined by the third and eighth clauses of the will, which are as follows: " Item 3d. I do hereby authorize and empower my executors, or a majority of them, as soon as convenient after the death of my wife, to sell and dispose of my real and personal estate of which I may die seized, on such terms as to the said executors or a majority of them shall seem just and proper, within three years after my wife's death. * * * Item 8th. I hereby authorize and empower my executors, or a majority of them, as soon as convenient after my decease, to sell and dispose of my real estate of which I may die seized, on such terms as to the executors, or a majority of them, shall seem just and proper, within three years from my death, and until said real estate is sold I hereby authorize my executors to take charge and supervision over it and the avails of the said real estate, together with such balance as shall remain of my personal property after all debts, charges, funeral expenses and legacies are paid off, as provided for, together with all expenses and charges of executing this will."

The pervading difficulty in applying the doctrine of equitable conversion to these clauses of the will consists in the fact that it is nowhere made the duty of the executors or trustees to sell the real estate; nor does it appear that the testator intended that the same should be sold by them in any event. In the absence of such a direction and in the absence of such a positive intent this doctrine cannot be applied. (*Scholle* v. *Scholle*, 113 N. Y., 270; *Hobson* v. *Hale*, 95 id., 597; *White* v. *Howard*, 46 id., 162; *Newell* v. *Nichols*, 12 Hun, 624; *Gourley* v. *Campbell*, 66 N. Y., 173; *Wright* v. *Trustees M. E. Church*, Hoff. Ch., 202.)

As it is said in *Scholle* v. *Scholle* (*supra*): "There is in the will no imperative direction for the sale of the real estate. Indeed, there is no direction to sell at all. A power or authority to sell is given, but unless the exercise of that power is rendered necessary and essential by the scope of the will and its declared purposes, the authority is to be deemed discretionary, to be exercised or not as the judgment of the executrix may dictate, and so an equitable conversion will not be decreed. To justify such a conversion there must be a positive direction to convert, which, though not expressed, may be implied; but, in the latter case, only when the design and purpose of the testator is unequivocal and the implication so strong as to leave no substantial doubt. Where, however, only a power of sale is given without explicit and imperative direction for its exercise, and the intention of the testator in the disposition of his estate can be carried out, although no conversion is adjudged, the land will pass as such and not be changed into personalty." (See, also, *Chamberlain* v. *Taylor*, 105 N. Y., 194.)

This is the only question raised by the appeal upon the merits of the case, and we are of the opinion that the learned trial justice was correct in his conclusion that items ten, eleven and twelve of the will, by which there was given to the General Assembly of the United Presbyterian Church of North America three-fourths of the residue of the estate, after the payment of certain debts and legacies, were inoperative, and that the property therein mentioned descends to the heirs-at-law of the testator.

There is also an appeal from the order of the court granting certain additional allowances of costs to the various litigants. The

plaintiffs appeal from the allowance to the defendants, and the defendant, The Trustees, etc., appeal from the allowance made to the plaintiffs. The sum of $800 in all was granted to the several parties. Undoubtedly, the case may be deemed to be difficult and extraordinary within section 3253 of the Code of Civil Procedure, but the allowance thereunder must be limited to the percentage of five per cent upon the value of the subject-matter involved in the litigation.

In the absence of a finding by the court of the value of the real estate left by the testator to the appellant, The Trustees, etc., of the Presbyterian Church, etc., resort must be had upon this question to the affidavits and other evidence in the case, from which it appears that the whole of the estate left by the testator, both real and personal, was $16,700. There was an incumbrance upon the real estate of $2,600. The personal estate, consisting of $3,700, was exhausted in payments of the debts. The specific legacies under the fourth, fifth and sixth items of the will amounted to $1,600. The life estate of Margaret McNaughton was $2,900, leaving a residue of the estate for distribution under the residuary clauses of the will of $5,900. One-fourth of this sum is payable to the American Bible Society, leaving the sum of $4,425, the amount of the gifts to the defendant corporation, as the sole matter in controversy. The allowance to the respective parties must be graduated accordingly. (*Struthers* v. *Pearce*, 51 N. Y., 365; *Conaughty* v. *Saratoga Co. Bank*, 92 id., 401; *Moore* v. *Appleby*, 108 id., 237.)

The judgment appealed from should be affirmed, with costs of the appeal to the infant defendants, and the order appealed from should be modified by limiting the additional allowances of costs to the sum of $221.25, being five per cent of the subject-matter involved, to be distributed in the same relative proportion as under the order of the Special Term.

DWIGHT, P. J., and CORLETT, J., concurred.

Judgment appealed from affirmed, with costs. Order appealed from modified, as stated in opinion, without costs to either party.