FRASER *et al. v.* TRUSTEES OF THE GENERAL ASSEMBLY OF THE UNITED PRESBYTERIAN CHURCH OF NORTH AMERICA *et al.*

*(Supreme Court, General Term, Fifth Department.* October 23, 1890.)

1. EQUITABLE CONVERSION—REALTY.

A testator authorized his executors, or a majority of them, to sell his estate upon such terms as seemed proper within three years after his wife's death. By a subsequent clause of his will he authorized his executors, or a majority of them, as soon as convenient after his death, to sell his real estate on such terms as seemed proper, within three years after his death, and until said real estate was sold he authorized his executors to take charge of it. *Held,* that this did not constitute an equitable conversion of the realty into personalty upon testator's death, so as to render operative a bequest of a share of testator's residuary estate, consisting of real estate, to a religious society not authorized to take real estate by devise.

2. COSTS—EXTRA ALLOWANCE.

In an action for the construction of a will, the additional allowance of costs to the respective parties, under Code Civil Proc. N. Y. § 3253, must be limited to 5 per cent. upon the value of the subject-matter involved.

Appeal from special term, Livingston county.

Action by James Fraser and others as executors, etc., of John McNaughon, deceased, against the Trustees of the General Assembly of the United Presbyterian Church of North America, impleaded with Margaret McNaughton and others, to obtain a construction of the will of plaintiff's testator. The Trustees of the United Presbyterian Church, etc., appeal. There are also cross-appeals from an order awarding additional allowance of costs to the respective litigants.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*J. W. Taylor,* for appellant, the Trustees, etc., of the United Presbyterian Church, etc. *L. N. Bangs,* for plaintiffs. *P. M. French,* guardian *ad litem* of the infant defendants.

MACOMBER, J. This action is brought to obtain a construction of the will of John McNaughton, deceased, which bears date February 26, 1880, and which was admitted to probate July 9, 1881. The only survivors of the testator are his two grandchildren, the infant defendants, George Halsted Bristol and Larius Filmore Bristol, and Margaret McNaughton, the widow of the deceased. The appellant, upon the principal question, the Trustees of the General Assembly of the United Presbyterian Church of North America, is a corporation organized under the laws of Pennsylvania, and is a benevolent, charitable, and religious missionary society, within the meaning of chapter 360 of the Laws of 1860 of New York, and is not authorized to take real estate by devise by the laws of this state. Its counsel attempts to procure an adjudication on this appeal to the effect that, under the principle of equitable conversion, the real estate of the testator must be deemed to have been converted into personal property, and that, consequently, the appellant can receive the share so given to it by the will, which is three-fourths of the residuary part of the estate. If the principle of equitable conversion can be applied to this case, the appellant would be entitled to receive the share for which it contends, otherwise not. The question is to be determined by the third and eighth clauses of the will, which are as follows: "*Item Third:* I do hereby authorize and empower my executors, or a majority of them, as soon as convenient after the death of my wife, to sell and dispose of my real and personal estate of which I may die seised, on such terms as to such executors, or a majority of them, shall seem just and proper, within three years after my wife's death. * * * *Item Eighth:* I hereby authorize and empower my executors, or a majority of them, as soon as convenient after my decease, to sell and dispose of my real estate of which I may die seised on such terms as to the executors, or a majority of them, shall seem just and proper, within three years after my death; and until said real estate is sold I hereby authorize my executors to take charge and supervision over it, and the avails of the said real estate, together with such balance as shall remain of my personal property after all debts, charges, funeral expenses, and legacies are paid off as provided for, together with all expenses and charges of executing this will." The pervading difficulty, in applying the doctrine of equitable conversion to these clauses of the will, consists in the fact that it is nowhere made the duty of the executors or trustees to sell the real estate; nor does it appear that the testator intended that the same should be sold by them in any event. In the absence of such a direction, and in the absence of such a positive intent, this doctrine cannot be applied. *Scholle* v. *Scholle,* 113 N. Y. 270, 21 N. E. Rep. 84; *Hobson* v. *Hale,* 95 N. Y. 597; *White* v. *Howard,* 46 N. Y. 162; *Newell* v. *Nichols,* 12 Hun, 624; *Gourley* v. *Campbell,* 66 N. Y. 173; *Wright* v. *Trustees,* Hoff. Ch. 202. As it is said in *Scholle* v. *Scholle, supra:* "There is in the will no imperative direction for the sale of the real estate. Indeed, there is no direction to sell at all. A power or authority to sell is given, but, unless the exercise of that power is rendered necessary and essential by the scope of the will and its declared purposes, the authority is to be deemed dis-

cretionary, to be exercised or not as the judgment of the executrix may dictate; and so an equitable conversion will not be decreed. To justify such a conversion there must be a positive direction to convert, which, though not expressed, may be implied; but, in the latter case, only when the design and purpose of the testator is unequivocal, and the implication so strong as to leave no substantial doubt. Where, however, only a power of sale is given, without explicit and imperative direction for its exercise, and the intention of the testator in the disposition of his estate can be carried out, although no conversion is adjudged, the land will pass as such, and not be changed into personalty." See also *Chamberlain* v. *Taylor*, 105 N. Y. 194, 11 N. E. Rep. 625. This is the only question raised by the appeal upon the merits of the case, and we are of the opinion that the learned trial justice was correct in his conclusion that items 10, 11, and 12 of the will, by which there was given to the General Assembly of the United Presbyterian Church of North America three-fourths of the residue of the estate, after the payment of certain debts and legacies, were inoperative, and that the property therein mentioned descends to the heirs at law of the testator.

There is also an appeal from the order of the court granting certain additional allowances of costs to the various litigants. The plaintiffs appeal from the allowance to the defendants, and the defendant the trustees, etc., appeal from the allowance made to the plaintiffs. The sum of $800 in all was granted to the several parties. Undoubtedly, the case may be deemed to be difficult and extraordinary, within section 3253 of the Code of Civil Procedure, but the allowance thereunder must be limited to the percentage of 5 per cent. upon the value of the subject-matter involved in the litigation. In the absence of a finding by the court of the value of the real estate left by the testator to the appellant the Trustees, etc., of the Presbyterian Church, etc., resort must be had upon this question to the affidavits and other evidence in the case, from which it appears that the whole of the estate left by the testator, both real and personal, was $16,700. There was an incumbrance upon the real estate of $2,600. The personal estate, consisting of $3,700, was exhausted in payments of the debts. The specific legacies under the fourth, fifth, and sixth items of the will amounted to $1,600. The life-estate of Margaret McNaughton was $2,900, leaving a residue of the estate for distribution under the residuary clauses of the will of $5,900. One-fourth of this sum is payable to the American Bible Society, leaving the sum of $4,225, the amount of the gifts to the defendant corporation, as the sole matter in controversy. The allowance to the respective parties must be graduated accordingly. *Struthers* v. *Pearce*, 51 N. Y. 365; *Conaughty* v. *Bank*, 92 N. Y. 401; *Moore* v. *Appleby*, 108 N. Y. 237, 15 N. E. Rep. 377. The judgment appealed from should be affirmed, with costs of the appeal to the infant defendants; and the order appealed from should be modified by limiting the additional allowances of costs to the sum of $221.25, being 5 per cent. of the subject-matter involved, to be distributed in the same relative proportion as under the order of the special term. All concur.