63h    297
68 AD²140

DR. JAEGER'S SANITARY WOOLEN SYSTEM COMPANY, APPELLANT, *v.* GEORGE LE BOUTILLIER, RESPONDENT.

DR. JAEGER'S SANITARY WOOLEN SYSTEM COMPANY, APPELLANT, *v.* FREDERICK LOESER AND ANOTHER, RESPONDENTS.

*Extra allowance — a trade-mark affords no basis for an allowance.*

In an action brought for the infringement of a trade-mark the real contest was as to the right to the trade-mark, and no sum of money was claimed by the plaintiff, except as incidental damages arising from alleged profits made by the defendants out of the infringement. It was determined that the plaintiff had no right to the trade-mark.

*Held,* that there was no basis for an extra allowance to the defendant under section 3253 of the Code of Civil Procedure.

That no " sum " was " recovered or claimed."

That " the subject-matter involved " was the trade-mark, which, so far as the proof showed, had no "value" *per se,* and which it had been adjudged did not exist at all.

APPEALS by the plaintiff, Dr. Jaeger's Sanitary Woolen System Company, in each of two separate actions respectively brought by it against George Le Boutillier, and against Frederick Loeser and another, from two several orders, entered in the office of the clerk of the city and county of New York on the 12th day of February, 1891, appointing in each action a referee to report the value of the trade-mark of the plaintiff, and what services were rendered by the defendants' attorney, and his opinion as to what would be a reasonable amount for an extra allowance to the defendant or defendants in each action.

*Root & Clarke*, for the appellant.

*Goepel & Raegener*, for the respondents.

PATTERSON, J.:

These are appeals from orders in two actions brought for infringement of an alleged trade-mark right claimed by the plaintiff. Judgment in each action was for the defendant. In the case against Le Boutillier a temporary injunction was granted. The defendants in each case moved for an extra allowance, and the court below directed a reference in each case to take proof of the value of the plaintiff's alleged trade-mark, with a view to granting such additional allowance, and, in connection with the order in the Le Boutillier case, the referee was authorized to ascertain the damages caused by the injunction. No objection is made to that part of the order last referred to, and the only question requiring consideration is as to the ordering of the reference in aid of the motions for an extra allowance, and that, of course, depends upon the power of the court to grant such an allowance in cases of this character.

We are of the opinion that such power does not exist. The whole subject is regulated by statute. Section 3253 of the Code of Civil Procedure confers the only authority the court has concerning it, and it is expressly stated there that, in all cases not otherwise provided for, an extra allowance may, in the discretion of the court, be granted upon a " sum recovered or claimed or the value of the subject-matter involved." There was no sum claimed by the plaintiff, except as incidental damages arising from alleged profits made by the defendants out of the infringement of the trade-mark claimed, but the real contest was as to the trade-mark right; and it having been determined that no such right existed, there was no question in the case at all as to damages. They could only have resulted from an accounting after a determination that the plaintiff was entitled to judgment on the real issue, and *Weaver* v. *Ely* (83 N. Y., 89) is quite in point. That was an action for an accounting, and for the payment of any amount found due on such accounting. The complaint was dismissed on findings which showed the defendants were not liable to account. Extra allowances were awarded them, but the Court of Appeals held, in reversing the orders, in substance, that where undefined and unascertained interests,

dependent wholly on the result of previous inquiry, are in question and the main relief is denied, there is nothing upon which an allowance may be based. *Conaughty* v. *Saratoga County Bank* (92 N. Y., 401) defines, also, what is meant by the word "involved" in the section of the Code above alluded to. It means the possession, ownership or title to the property or other valuable thing which is to be determined by the result of the action. That, in these cases, was the trade-mark, and nothing else. There are several cases on this subject more recent than those cited by counsel, and among them is *Adams* v. *Arkenburgh* (106 N. Y., 615), and in that case a distinction is made between it and *Weaver* v. *Ely* (*supra*). The opinion in each of those cases was written by the same Judge (DANFORTH); but it was held in the latter case that there was a specific value to be fixed upon the result of an accounting under the peculiar facts of the case — it was for a copartnership accounting — and that the matter should not have been disposed of as a question of law. Here the subject comes up distinctly as a question of law, and our decision is put upon the plain ground that in such a case as this an extra allowance cannot be granted to a defendant on the dismissal of a complaint seeking an accounting where the judgment of the court is final, that such an accounting cannot be had, and for the reason that any further claim is merely incidental. (*Moore* v. *Appleby*, 108 N. Y., 237.)

But it is further contended that there was a value to the trade-mark, and that, therefore, something existed and was in controversy, coming within the requirement of the law, as above stated. What possible value a mere trade-mark *right* can have *per se*, ascertainable by a money standard, it is difficult to understand in the absence of proof. But when it is adjudged that no trade-mark *right* exists at all, it is more difficult to comprehend what value can be attached to that which is non-existent. Nothing was really involved but the right to the trade-mark. The case of *Munro* v. *Smith* (23 Abb. N. C., 278), is referred to as being an authority in favor of the granting of an allowance to the defendant; no such deduction is to be fairly drawn from that case. The learned judge who wrote the opinion there, made careful reference to *Coates* v. *Goddard* (34 Supr. Ct., 118), in which it was held that no money-value could be assigned to a trade-mark, and it is quite evident that the allowance

was made in the Munro case on the undisputed testimony that the trade-mark was worth the sum of $50,000.

The orders, so far as they provide for a reference as to an extra allowance, are reversed, with costs and disbursements, but in the Le Boutillier case so much of the order as provides for ascertaining damages on the injunction is affirmed.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

So ordered.