(8 App. Div. 69)

## PROCTOR v. SOULIER.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

1. COSTS—EXTRA ALLOWANCE—DISCRETION OF COURT.
   An order granting an extra allowance, on the ground that the case was difficult and extraordinary, is discretionary with the trial court.
2. SAME—AMOUNT IN CONTROVERSY.
   In an action to dissolve a partnership, and for an accounting, the complaint alleged that plaintiff was obliged to advance over $9,000 to pay the

running expenses of the firm; that defendant, being unable to pay his share, delivered his notes for his share to plaintiff; and that plaintiff now holds unpaid notes of defendant to the amount of $9,000. In an affidavit read on a motion for an extra allowance, plaintiff stated that his advances exceeded defendant's share in the assets of the business, and that defendant has no interest whatever in the assets. *Held*, that plaintiff sought to recover $9,000, and that an extra allowance might be computed on such sum. Landon, J., dissenting.

Appeal from judgment on report of referee.

Action by Frederick F. Proctor against Henry P. Soulier to dissolve a partnership. The complaint was dismissed, and costs and an extra allowance were awarded to defendant, and plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, MERWIN, and PUTNAM, JJ.

Dittenhoefer, Gerber & James (Simon W. Rosendale, Albert Hessberg, and A. J. Dittenhoefer, of counsel), for appellant.

John A. Delehanty, for respondent.

PUTNAM, J. This action was brought to dissolve the partnership existing between the parties, and for an accounting. The issues were, by consent, referred, and a trial was commenced before the referee. After several hearings had been had, the complaint was dismissed by the consent of the plaintiff; he, however, insisting that costs should not be allowed to the defendant. The referee, however, awarded costs, and also made a certificate that the case was a difficult and extraordinary one. Afterwards, on motion of the defendant, an order was granted by the court below awarding him an allowance of $175. The plaintiff appeals from so much of the judgment as awards costs, and from said order.

It is only in exceptional cases that costs are refused to the prevailing party in an equitable action. Whether costs shall be granted or refused, the question should be determined by the court or referee before whom the case is tried. The plaintiff commenced this action for the purpose of obtaining a dissolution of the partnership existing between him and the defendant, and for an accounting, at a time when a suit brought for the same purpose was pending, and persisted in proceeding with the case after he knew of the object of the former action. He was defeated, and compelled to consent to a dismissal of his complaint. I can see no reason why he should be relieved from the payment of costs, or why this court should overrule the determination of the referee. I think the defendant, succeeding in the action, was justly entitled to costs. It is a well-settled doctrine that:

"Whether an action should be regarded as difficult and extraordinary, within the meaning of the Code of Civil Procedure, rests substantially in the judgment and discretion of the judge to whom the application is made; and the determination of the question usually involves so many considerations which are addressed to the discretion of the judge, that the appellate court rarely interferes." Bryon v. Durrie, 6 Abb. N. C. 140; Morrison v. Agate, 30 Hun, 23.

It is only in cases of an abuse of discretion that an appellate court can overrule an order of the judge awarding an allowance. Morss v. Hasbrouck, 13 Wkly. Dig. 393; Insurance Co. v. Cranwell, 10 N. Y. Supp. 404; Wilber v. Williams, 4 App. Div. 444, 38 N. Y. Supp. 893. I think this was a case where the court below could properly grant an extra allowance. The action was brought in the city and county of New York, although the transactions between the parties had occurred, and the property affected was situated, in Albany county. The defendant was compelled to move in the city of New York to change the place of trial, and in that motion, and other motions made by the plaintiff, his attorney was obliged to go from Albany to the city of New York several times. After the issues had been referred, the trial proceeded four or five days before the plaintiff consented to the dismissal of the complaint. There was an appeal to the general term from an order obtained by the plaintiff appointing himself as receiver in the action, which was argued, the defendant obtaining a reversal of such order.[1] The affidavit produced by the respondent showed that his attorney was compelled, in order to prepare for the trial, to make an examination of the accounts of the partnership; and considering the nature of the action, the allegations of the complaint, and the charges therein made against the defendant, it is evident that a careful preparation of the case by the defendant's attorney was proper and necessary. The papers submitted to the court below established a state of facts justifying an allowance. I am unable to see how we could hold that there was an abuse of discretion on the part of that court in granting the order from which the appeal is taken.

But it is urged that no basis was shown on which the court below could legally grant an extra allowance; that the complaint does not demand judgment for any specific sum, but only for such amount·as may be found due on an accounting; nor is there any statement in the pleadings to show what sum was claimed; that the defendant's affidavit that the lease owned by the co-partnership was sold for $10,000 does not avail him, because this sum was subject to the payment of partnership debts, and there was no statement or proof of the amount of such debts; also, it was stated in the affidavit read on the part of the plaintiff (which was not denied) that the firm was insolvent, and hence, as nothing would remain for either party, the plaintiff could not recover any sum. Before the trial of the case was concluded, the plaintiff consented to a nonsuit and dismissal of the complaint, and therefore there was no finding by the referee, or judgment upon the merits. To determine the sum claimed by the plaintiff, or the value of the subject-matter involved, therefore, we must refer to the complaint, and the affidavits used on the motion. Where there is no judgment on the merits in an action, the amount of an extra allowance must be based on the amount claimed, or shown to be involved, by the complaint. If the plaintiff had merely sought to procure a dissolution of the partnership, and an account-

[1] 31 N. Y. Supp. 472.

ing, and the firm was insolvent, probably there would have been no basis for an extra allowance. In Adams v. Arkenburgh, 106 N. Y. 615, 13 N. E. 594, it was decided that in such an action the amount involved is the one-half or the proportion of the value of the partnership assets to which the plaintiff in the action is entitled. Hence, if a firm, after the payment of its debts and obligations, is insolvent, the plaintiff is not entitled to, and will not recover, anything. He has no interest in the firm assets, will recover nothing, and in such a case there is no basis for an extra allowance. Weaver v. Ely, 83 N. Y. 89. But in this case the plaintiff sought other relief than a mere dissolution of the partnership and an accounting. The following allegation is contained in the complaint:

"That this plaintiff has, in consequence of the poor business done at said theater, been obliged to advance, from time to time, since the commencement of this co-partnership, over $9,000 to pay the running expenses thereof, and to carry on the same; that the defendant, being unable to pay his portion of said advances, delivered his notes for his share to the plaintiff, and plaintiff now holds unpaid notes of the said defendant to the amount of $9,000 for his share of the moneys that plaintiff was compelled to advance to carry on said business."

And in the affidavit used on the motion the plaintiff states:

"My advances to the business exceed any interest or share that the defendant, Soulier, has in the assets of the business, so that not only will the said Soulier have no interest whatever in the assets of the business, but I will be entitled to, and I verily believe will receive from the referee, a judgment against the defendant, after applying all the assets of the business to the liquidation of my claim and advances."

Referring to the complaint and said affidavit, therefore, to determine the amount or sum claimed by the plaintiff, or involved in the action, we find that the plaintiff claimed that, when the action which terminated the partnership was commenced, he held the notes of the defendant, for necessary advances made, for the latter, to pay the running expenses of said partnership, for the sum of $9,000. As the giving of a note is prima facie evidence of an accounting and settlement of all demands between the parties, and that the maker was indebted to the payee in such settlement to the amount of the note (Lake v. Tysen, 6 N. Y. 461), the allegation in the complaint that the plaintiff at the termination of the partnership held the notes of the defendant for $9,000 for advances made by the latter in the firm business is equivalent to an averment that that sum was due after a settlement between the partners, for advances made for the firm. The plaintiff therefore sought in the action to recover of the defendant $9,000. If the firm was insolvent, he was nevertheless entitled to recover that sum by the application thereon of the defendant's share of the assets of the firm, after paying "outside" creditors; and, if the defendant's share of the assets would not fully pay said debt, the plaintiff was entitled to a personal judgment against the defendant for the balance. As the plaintiff, therefore, in the action, sought to recover the amount of the notes he held against the defendant for advances made to the firm, I

think there was a sufficient basis for the allowance made by the court below.

The judgment and order should be affirmed, with costs.

PARKER, P. J., and MERWIN, J., concur.  LANDON, J., dissents.