### WEIDENFELD v. BYRNE et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

DISMISSAL—CONDITIONS—EXTRA ALLOWANCE.

> Where, in an action for an accounting of profits and losses in certain speculative transactions, no specific amount was demanded in the complaint, and the value or amount of plaintiff's net interest in the result of the speculations had not been disclosed by an accounting, by affidavit, or by the pleadings, it was error to grant plaintiff's motion for a discontinuance on payment to defendants of an extra allowance of $500.
>
> Woodward and Miller, JJ., dissenting.

Appeal from Special Term, Nassau County.

Suit by Camille Weidenfeld against Frank P. Byrne and others. From an order granting plaintiff's motion for a discontinuance on terms, he appeals. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Charles L. Craig (Edward Lauterbach and Henry L. Scheuerman, on the brief), for appellant.

Edward J. McGuire, for respondents.

HIRSCHBERG, P. J., This is an appeal from an order granting leave to the plaintiff to discontinue the action upon conditions which include the payment to the defendants of the sum of $500 as an extra allowance. The action is for an accounting with respect to the profits and losses in certain speculative transactions, and for the recovery of such sum as may be found due to the plaintiff on such accounting. No specific amount was demanded in the complaint.

While it is true that the value might be ascertained of certain securities and other things of value in respect to which the speculations are alleged to have taken place, we do not think that they can be regarded as the subject-matter of the action for the purpose of computing an extra allowance under the provisions of the Code of Civil Procedure. As the case was presented to the learned Special Term, there was no legitimate basis for the computation of such allowance; the value or amount of the plaintiff's interest in the result of the speculations not having been disclosed by an accounting (see Coleman v. Chauncey, 8 Rob. 578; Hagenbuchle v. Schultz, 69 Hun, 183, 22 N. Y. Supp. 611; Proctor v. Soulier, 8 App. Div. 69, 40 N. Y. Supp. 459; Laird

v. Littlefield, 34 App. Div. 43, 53 N. Y. Supp. 1082; People v. Page, 39 App. Div. 110, 56 N. Y. Supp. 834, 58 N. Y. Supp. 239; Struthers v. Pearce et al., 51 N. Y. 365; Weaver et al. v. Ely et al., 83 N. Y. 89; Conaughty v. Saratoga County Bank, 92 N. Y. 401), by affidavit, or by the pleadings.

The order appealed from should be modified, by striking out the provision requiring the payment by the plaintiff of the extra allowance, and, as modified, affirmed, without costs. All concur, except WOODWARD and MILLER, JJ., who dissent.