VAN METER v. KELLY et al.

(Supreme Court, Appellate Division, Fourth Department.    March 9, 1910.)

1. APPEAL AND ERROR (§ 709*)—RECORD—QUESTION OF COSTS.

To raise on appeal the question of an abuse of discretion in making an additional allowance of costs, the record should properly present that question.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2949; Dec. Dig. § 709;* Costs, Cent. Dig. § 813.]

2. COSTS (§ 167*)—ADDITIONAL ALLOWANCES—AMOUNT.

Under Code Civ. Proc. § 3253, permitting the court in its discretion to make a further allowance of costs in certain cases, including partition actions, of a sum not exceeding 5 per cent. of the sum recovered or claimed, or the value of the subject-matter, the amount of the additional allowances made to all parties in the action cannot exceed 5 per cent.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 649; Dec. Dig. § 167.*]

Williams and Robson, JJ., dissenting.

Appeal from Special Term, Monroe County.

Action by Henry H. Van Meter against Mary V. M. Kelly and others. From that part of the judgment making an additional allowance of costs, defendant Kelly appeals. Judgment modified.

See, also, 115 N. Y. Supp. 943.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Harry E. Newell, for appellant.
Harvey F. Remington, for respondent Henry H. Van Meter.
John D. Burns, for respondents Benjamin and others.
M. H. McMath, for respondents Kendrick and others.
Henry W. Conklin, for respondent Morris.
Eugene Rains, for respondent W. K. Van Meter.

KRUSE, J.    The only question brought up for review here is whether the additional allowances for costs were properly made. The action is for the partition of real property. The appealing defendant raises two objections to the costs so allowed: (1) That the court had no authority to allow in the aggregate to all of the parties as such additional allowances, more than 5 per cent. of the value of the subject-matter of the action; and (2) that no additional allowance should have been made at all, and that in doing so there was an abuse of discretion.

As regards the last point, it is enough to say that the record as made up does not show that to be so. Answers seem to have been interposed and a trial had; but the answers are not contained in the record, and the parties are not in accord as to what, if any, issues were presented thereby. Neither are there any affidavits in opposition or in support of the application for such allowances. The question of costs was determined upon the coming in of the report of sale, by the final judgment confirming the sale and directing the distribution of the proceeds. Very likely the question of costs was disposed of upon

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the statements of the respective attorneys, made in court, and the pleadings and proceedings had before the presiding judge who tried the case, with which he was familiar, and of which the record does not inform us. If the attorneys for the appellant desired to raise the question that there was an abuse of discretion, they should have seen to it that a record was made so as to properly present that question.

As regards the other question, it appears that the value of that part of the property not sold and set apart to one of the defendants is $2,000, and that the sum of $20,920 was realized upon the sale of the remainder, making $22,920. The plaintiff was allowed an additional allowance of 3½ per cent. on this sum, which is $802.20, and each of four groups of answering defendants, appearing by separate attorneys, was awarded as an additional allowance the sum of $250, making in all $1,802.20. Five per cent. of the $22,920 is $1,146, so that the total extra allowances exceed that sum by $656.20. Section 3253 of the Code of Civil Procedure, after enumerating certain cases in which additional allowances may be made, provides that the court may also, in its discretion, award to any party a further sum in certain cases, among others in an action for the partition of real property, a sum not exceeding 5 per centum upon the sum recovered or claimed, or the value of the subject-matter involved; and by the next section (section 3254) a further limitation is imposed, by providing that the additional allowances to a party or two or more parties on the same side cannot in the aggregate exceed $2,000.

The respondents contend that the 5 per cent. limitation applies only to the additional allowance awarded to each party, and not to the amount of additional allowances made to all the parties in the action. The question seems to have been decided adversely to that contention by the late General Term in the Fifth Department (Fraser v. Mc-Naughton, 58 Hun, 30, 34, 11 N. Y. Supp. 384), and that decision was followed by the First Department in Doremus v. Crosby, 66 Hun, 125, 20 N. Y. Supp. 906. Counsel for the respondents contend that this view is contrary to the plain reading of the section of the Code referred to; but the question was sharply raised in the last case cited, and discussed in the opinion of the court. While the conclusion there reached may not be entirely free from doubt, I think the decision should be followed until it is overruled by the Court of Appeals.

Counsel for the plaintiff contends that the additional allowance made to him should not be disturbed, in any event. This claim is based upon facts and circumstances stated in the brief, but not contained in the record. I think we may fairly assume that the additional allowances made to the several parties were equally meritorious, and, if so, the allowance made to each should be reduced, by deducting therefrom such part of the excess as each amount so allowed bears to the total amount, and the judgment should be modified accordingly without costs of this appeal to any party.

Judgment modified, by reducing the allowances proportionately to a sum not exceeding 5 per cent. of the value of the subject-matter of the action, and, so modified, affirmed, without costs of this appeal to any party. All concur, except WILLIAMS, J., who dissents and votes for reversal, and ROBSON, J., who dissents and votes for affirmance.