HENRY C. ADAMS, Respondent, v. OLIVER M. ARKENBURGH, Testamentary Guardian, etc., et al., Appellants.

Where notice is served with the summons, that in case of default plaintiff will take judgment for a sum specified, this is his statement of the amount involved, and it is not for him to say on application for an extra allowance of costs that the notice is a nullity.

In an action wherein such a notice was served, the complaint alleged a partnership between plaintiff and A., defendant's testator, an investment by the latter of specific amounts of the partnership funds in the purchase of specified real estate and securities, the receipt by him of the rents and dividends, an approximate estimate of the amount of which was given, and also alleged that the income of the partnership received and so invested by A. and the dividends, interest and profits accruing from such investments amounted to not less than $200,000. The judgment asked was for a dissolution of the partnership, an accounting of the partnership business, and of the investments, receipts of dividends, interest, etc., as specified in the complaint. Judgment was rendered in favor of defendants. An order of Special Term granting defendants an extra allowance was reversed by the General Term " on questions of law " only. *Held*, error; that one-half of the values stated in the complaint of the property, securities. etc., specified as the assets of the partnership constituted the subject-matter involved and furnished a sufficient basis for the computation of an allowance; that the judgment was conclusive as to defendant's right to retain the same; and that a case was made out authorizing the court below to exercise its discretion as to an extra allowance.

The order of General Term, therefore, reversed and the case remitted to it for consideration upon the merits.

(Argued June 1, 1887 ; decided October 4, 1887.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made November 24, 1886, which reversed, " upon questions of law and not upon a review of the discretion " of the court, an order of Special Term granting to defendants an extra allowance of costs.

The facts material to the questions discussed are stated in the opinion.

*Robert Forsyth Little, Fred M. Littlefield* and *Louis C. Whiton* for appellants.  It is immaterial that the form of the

action and the relief prayed for would not authorize a money judgment in favor of either the plaintiff or any of the defendants. (*Mingay* v. *Holly Mfg. Co.*, 99 N. Y. 270.) Admitting that the defendants would not be entitled to an allowance under the first clause of section 3253 of the Code, viz., "upon the sum recovered or claimed," a pecuniary right was directly involved in this action, and the value of that right was the basis for an allowance under the last clause of the section, viz., "upon the value of the subject-matter involved," and the allowance granted should stand. (*Comens* v. *Sup'rs*, 3 T. & C. 269; 64 N. Y. 626; *Williams* v. *W. U. Tel Co.*, 1 Civ. Pro. R. 194; *Darling* v. *Brewster*, 55 N Y. 667; *Fisher* v. *Hepburn*, 48 id. 41; *Davis* v. *Glean*, 14 How. Pr. 310; *Gooding* v. *Brown*, 35 Hun, 153, 156; *Morrison* v. *Agate*, 20 id. 23; *Rutty* v. *Person*, 6 Civ. Pro. R. 15, 25; *Struthers* v. *Pearce*, 57 N. Y. 365; *Harriman* v. *Ryder*, 44 N. Y. Supr. Ct. 330; *Burke* v. *Candee*, 63 Barb. 552; *Sickels* v. *Richardson*, 14 Hun, 110; *Lattimer* v. *Livermore*, 72 N. Y. 174; *Ogdensburgh R. R. Co.* v. *Vt. R. R. Co.*, 63 id. 176; *People* v. *A. & Vt. R. R. Co.*, 16 Abb. 465; *Mingay* v. *Holly Mfg. Co.*, 99 N. Y. 270.) The determination of the question whether a case is difficult and extraordinary rests almost wholly in the discretion of the judge granting the allowance. (*Downing* v. *Marshall*, 37 N. Y 380; *Byron* v. *Durrie*, 6 Abb. Pr. 135; *Morse* v. *Hasbrouck*, 13 Week. Dig. 393; *Hurd* v. *F. L. & T. Co.*, 16 id. 480.) No general rule for granting allowances in particular cases can be given; each case must be determined according to its own peculiar circumstances. (*Sackett* v. *Ball*, 4 How. Pr. 11; *Fox* v. *Gould*, 5 id. 274; *Gooding* v. *Brown*, 35 Hun, 156.) The party claiming the error in the granting of the allowance must establish the error, otherwise it will be presumed that the allowance was a proper one upon the facts before the trial court. (*Everingham* v. *Vanderbilt*, 12 Hun, 75; *Gooding* v. *Brown*, 35 id. 156; *Diese* v. *Jennings*, 3 Abb. Pr. 240.) The question as to the allowance by the trial justice was improperly raised at the General Term. No appeal was

pending from the order granting it. (Code of Civ. Pro. §§ 1301, 1316; *Reese* v. *Smyth,* 95 N. Y. 645; *Patterson* v. *McCann,* 38 Hun, 531; *Ball* v. *Davis,* 1 N. Y. 517; *Boos* v. *W. M. L. I. Co.,* 64 id. 236, 242; *Jones* v. *Sparks,* 2 id. 139; *Callonan* v. *Gilman,* 52 Super. Ct. [20 J. & S.] 496; *Dick* v. *Livingston,* 4 N. Y. 202.)

*H. V. Borst* tor respondent. The importance of a litigation, in any other than its pecuniary aspect, does not afford the basis for an extra allowance. (*Conaughty* v. *Sar. Co. Bk.,* 92 N. Y. 401.) The allowance can only be made on the basis of a money value. (*Coates* v. *Goddard,* 2 J. & S. 118; *People* v. *A. & S. R. R. Co.,* 5 Lans. 35 ) There is in this case no basis for a computation for an extra allowance. (Code, § 3253; 92 N. Y., 401, 404; *Struthers* v. *Pearce,* 51 id. 365; *Weaver* v. *Ely,* 83 id. 89.) In an action for an accounting, no fixed and definite sum being claimed in the complaint, as due to the plaintiff, no extra allowance can be granted upon the dismissal of the complaint. (*Budd* v. *Smales,* N. Y. D. Reg., Mar. 14, 1884 or 1885; 8 Civ. Pro. R. 230; *Coleman* v. *Chauncy,* 7 Rob. 578; *Meyer* v. *Rasquin,* 20 W. Dig. 98.)

Danforth, J. As appears trom the recitals in the order appealed from, the order of the Special Term was reversed upon questions of law and not upon a review of the discretion of the judge by whose directions the order for an extra allowance of costs was given. It is to be conceded that if the subject-matter of the litigation has no pecuniary value, or if its value is not shown, such allowance is not authorized (*Conaughty* v. *Saratoga Co. Bank,* 92 N. Y. 401), for under the Code (§ 3253), it is, if allowed, to be computed upon the sum recovered or claimed, or upon the value of the subject-matter involved. But the concession does not aid the appellant, for as plaintiff in the action he gave notice with the summons that upon default of an appearance or answer, judgment would be taken by him in the sum of $65,000, with interest from April, 1875, and it is not for him to say that

this notice is a nullity. It is his statement of the amount involved in the action. The complaint justifies the statement. It alleges the plaintiff's partnership with the deceased, Henry Adams, an investment by the latter in his own name of specific amounts of the joint funds of the partnership in the purchase of specific real estate and securities, and the receipt by him of the rents and dividends issuing therefrom, amounting in the aggregate to large sums, of which an approximate estimate is made.; and, further, the plaintiff alleges with absolute definiteness that "the average income of said partnership was not less than $5,000 per annum, equal in gross sums to upwards of $100,000, which was received and invested by said Henry Adams in manner hereinbefore stated; and that said Henry Adams received all dividends, annual interests and profits accruing from such investments, amounting in gross sum to another $100,000, equal in all to not less than $200,000, all of which facts he states according to his best recollection, information and belief."

The judgment asked is that the partnership be dissolved, and also that an account be taken, not only of the partnership business but of the receipts of moneys, investment of the same, dividends, rents, etc., and of all the rights, etc., of the plaintiff in respect thereto as specified in the complaint. One-half of the property, securities and money mentioned as the assets of the partnership, constitute the subject-matter involved, that being the plaintiff's share, if a copartner, and one-half of the value, as stated in the complaint, furnishes a sufficient basis for computation of an allowance. The judgment rendered is conclusive of the right of the defendants to retain, as the individual property of Henry Adams, all the property described, and we think a case was made upon which the discretion of the trial judge as to allowance might be exercised.

The cases cited by the respondent differ from the one in hand. In *Weaver* v. *Ely* (83 N. Y. 89) the plaintiff's legacies were only payable after the testator's debts, the estate was shown to be insolvent, and it seemed clear that the plaintiff's

claim was without value. In *Struthers* v. *Pearce* (51 N. Y. 365) the allowance was reduced to a sum estimated on one-fourth of the value of the lease (that being the property in question), the plaintiff claiming no interest beyond that. Here the plaintiff claims as equal partner, and there is no suggestion that the sums stated are subject to any deduction. They might be increased and added to by other items, as to the detail of which the plaintiff assumed ignorance, but not reduced, for as to those enumerated the plaintiff spoke from knowledge or information, upon the faith of which he made the allegations. The decision of the trial judge is, however, subject to review by the General Term; and as that court has disposed of it without passing upon the merits its order should be reversed and the case remitted to it for further consideration.

All concur.

Ordered accordingly.