ABELL *et al. v.* BRADNER *et al.*

(*Supreme Court, General Term, Fifth Department.* June, 1891.)

1. ADMINISTRATORS—TRUST-ESTATE—ACCOUNTING.
    In an action to establish a trust in plaintiffs' favor against a person purchasing real estate at a foreclosure sale, wherein it was claimed that defendant purchased the property as administrator of the mortgagor, for the benefit of his intestate's estate, and in which defendant rendered an account charging the estate with certain liens on the property paid off by him, defendant's accounts as administrator were properly collaterally inquired into, and certain moneys received by him in that capacity, applicable to the discharge of those liens, charged against him as offsets.

2. SAME—PARTIES.
    In such case defendant's accounts as administrator were properly inquired into, though his co-administrator was not a party to the action, where it appeared that all the moneys wherewith he was sought to be charged were received by him alone, and that the other administrator took no active part in the administration of the estate.

3. TRUSTEES—ALLOWANCE OF ACCOUNT.
    Defendant, administrator of plaintiffs' ancestor, purchased certain real estate at a foreclosure sale under a mortgage executed by defendant's intestate, partly for his own protection as a creditor of his intestate, and partly for the protection of his intestate's estate. *Held*, that the transaction could not be impeached as an act of bad faith towards intestate's estate, and, in rendering an account as trustee of the rents and profits accruing from the real estate so purchased, he was entitled to an allowance to the extent of his claim against his intestate's estate.

4. COSTS—TAXATION—EXTRA ALLOWANCE.
    Where plaintiffs instituted an action for the determination of their interest in certain real estate, and it was ascertained that they had no interest in the same, by reason of the fact that there were incumbrances on the property far beyond its value, it was error to grant an extra allowance of costs to plaintiffs, under Code Civil Proc. N. Y. § 3253, which provides that the same can only be granted as a percentage "upon the sum recovered or claimed, or the value of the subject-matter involved."

Appeal from special term.

Action by Thurlow W. Abell and another against Alonzo Bradner and Andrew J. Holden and others. From an order confirming in part and in part overruling the report of a referee, both parties appeal.

Argued before DWIGHT, P. J., and MACOMBER, J.
*A. H. Harris*, for plaintiffs. *James Wood*, for defendants.

DWIGHT, P. J. The opinion of the court, delivered by Mr. Justice BARKER on a former appeal, (11 N. Y. St. Rep. 246,) contains a concise statement of the facts which formed the basis of the interlocutory judgment in this action, and of the principles upon which that judgment was, with certain modifications, affirmed. We refer to that opinion for a statement of the facts and principles of law involved in this case, which are no longer subject to question in this court. By the interlocutory judgment so affirmed, it was determined that the defendant Bradner took title to the farm in question as trustee for the plaintiffs, subject to the mortgage which he gave for a part of the purchase price, and, possibly, to other liens and claims held by Bradner; that Holden, his assignee for the benefit of creditors, held it subject to the same trust, and that they should unite in a conveyance of the premises to the plaintiffs on being paid the amount found due and directed to be paid to them; that in the accounting which was thereby ordered to ascertain the amount so to be paid, the defendants should be charged with the "rents and profits" of the premises during the time they were in their possession, and credited with the value of permanent improvements made by them; and that Bradner should be credited with the amount paid by him as purchaser on the foreclosure sale, over and above the amount of the mortgage given by him as part of the purchase price. It was also directed that the referee appointed to take such accounting should ascertain the amount of certain alleged liens, or equitable liens and claims, held by Bradner on the property at the time of the foreclosure sale, by reason of the payment by him of certain judgments, which were, or would otherwise have been, liens on the property, and of interest on the old mortgage, and insurance and taxes, before the foreclosure; that the question of the allowance of such payments, or any of them, should be reserved until the coming in of the report; and that the referee should ascertain the amount of the taxes, insurance, and interest on the new mortgage paid by the defendants, or either of them, since the foreclosure, and should make such allowance to either party for interest as should be just. Under the provision of the interlocutory judgment as to the "rents and profits" of the premises during the time they were occupied by the defendants, respectively, the referee took evidence of what net profits might or ought to have been realized from such use and occupation; and found that Bradner, who had kept no account of the proceeds or expenses of the farm, should be charged with the sum of $1,200 a year for such profits during his occupation, over and above the school and road taxes paid by him; also that the defendant Holden should be charged, for rents and profits, with the balance of the amount actually received by him for the proceeds of the farm during his occupation, over and above the amount of all payments made by him on account thereof, of all of which he had kept an accurate account. As against the charge to Bradner for rents and profits, as above, the referee credited him with the payment, on the foreclosure sale, over and above the new mortgage, for permanent improvements and for interest paid on the new mortgage after the sale; and, after an allowance of interest on yearly credit balances, he found due to Bradner at the date of his report the sum of $1,361.72, while the statement of the account of Holden, as assignee, showed a balance due the plaintiffs of $82.51. The referee also found the several amounts paid by Bradner on judgments, equitable liens, interest on the old mortgage, insurance and taxes, before the foreclosure, making a total of $5,990.77. Some testimony was also received, under the objection of the defendants, which tended to show a considerable amount of money received by Bradner as administrator, which was applicable to the payment of the matters embraced in the last finding, above stated; and the items of receipts of that character were stated by the referee at the

request of the plaintiffs' counsel, but were not applied as a credit in the account, for the reason that they were not embraced in the order of reference. Exceptions to the report were filed by both parties, which were considered by the court at special term on the motion for judgment. On the hearing of that motion, the court sent the case back to the referee to find and report the fair annual rental value of the farm, and to compute the interest, to the date of his report, on the payments made by Bradner for equitable liens, etc., amounting, as above, to the sum of $5,990.77. Pursuant to that order the referee reported the fair rental value of the farm, except that portion occupied by the widow and her family, at $900 a year, and computed the interest on the items of payment of equitable liens, etc., at $6,085.61, making the total of those items, with interest to the date of the report, $12,256.38.

The order of the special term, made on the application for judgment, charged Bradner, as for rents and profits, with the rental value, $900, so found by the referee, over and above all taxes and insurance paid by him, instead of the $1,200 a year, as found by the first report, for profits which might or ought to have been realized. The result of this change in the debit and credit statement of Bradner's account with interest on yearly credit balances, which the court caused to be restated and attached to the order, was to increase the balance of that account due to Bradner to the sum of $5,173.66. The order also allowed to Bradner the amount of the payments made by him of judgments, equitable liens, interest on the old mortgage, insurance and taxes before the foreclosure, as found by the referee, the question of the allowance of which was reserved by the interlocutory judgment, as affirmed, with the interest thereon as computed by the referee; making the total, above stated, of $12,-256.38. With these modifications, the report of the referee was in all material respects confirmed, and judgment was given accordingly, with costs to the plaintiffs to be taxed, and an additional allowance of costs of $700. It is from that judgment that these cross-appeals are taken,—the objections raised by the plaintiffs' appeal relating chiefly to the reduction of the charge for rents and profits from $1,200 to $900 per annum, and to the allowance to Bradner of the payments of equitable liens, etc., with interest thereon; and that of the defendants to the allowance of costs to the plaintiffs, and especially to an additional allowance of costs. Upon the first presentation of the appeals, this court held it necessary, to a proper determination of one of the principal questions involved, that it should be informed whether—as certain evidence already taken by the referee tended to show—Bradner, as administrator of the estate of David H. Abell, the ancestor of the plaintiffs, had received moneys which were properly applicable to the payment of the equitable liens and claims charged by him to the plaintiffs; and accordingly we made an order enlarging the reference, and sending the case back to the referee to take proofs and report upon that question. His report has now come in, by which he finds, upon proofs that are entirely satisfactory, that Bradner, as such administrator, had received, before the commencement of this action, of moneys not before accounted for, and which were applicable to the payment of the claims in question, various sums of money, in excess of the moneys paid out by him as administrator, which, with interest to the date of the original report, amount to the sum of $3,386.46. The defendants object to the consideration of the facts thus appearing to the court on the ground that there has been no judicial settlement of the accounts of the administrators of David H. Abell, and that Mrs. Abell, the widow, who was joined with Bradner in the administration, is not before the court as a party to this action. We do not think the objection well taken. The power of this court to make a judicial inquiry into the accounts of administrators, when necessary to the determination of issues involved in an action before it, will hardly be questioned. The fact that Mrs. Abell is not a party to the record is not necessarily fatal to such inquiry as has been made in this case. The whole case shows that Brad-

ner was, in effect, the sole acting administrator of the estate. All the moneys with which he is sought to be charged here were received by him. There seems to have been but one account ever rendered to the surrogate, in the name of these administrators, (viz., in the year 1874;) and in that the two schedules of the "expenses of administration" and of "debts paid by said representatives" are made up almost wholly, in amount, of items of payment which have been claimed by Bradner, and allowed to him as charges against the plaintiffs in this action. Such being the case, we can have no doubt that, for the purposes of this action, and as against Bradner himself, that account may be surcharged by proof of receipts, by Bradner himself, not contained therein, which are properly an offset to the payments so charged by and allowed to him in this action.

Upon the main question in the case, which was reserved by the interlocutory judgment, and which was first passed upon by the order for final judgment, it is strongly urged, on the part of the plaintiffs, that Bradner should not have been allowed anything as against them for the claims which he had at the date of the foreclosure sale. We think this contention rests upon an erroneous assumption as to the character of the trust assumed by Bradner. That assumption, which pervades the argument of counsel, is variously to the effect that Bradner was a trustee *ex maleficio;* that he was a trustee in his own wrong; that he was a trustee before the sale, and purchased the property of his *cestui que trust* for his own benefit; and even that, as trustee, he made the sale of trust property, and purchased it for himself. Neither of these descriptions seems to apply to the case of Bradner. He held no relation of trust to this property before the mortgage sale. As administrator of the estate of his intestate, he was intrusted with the personalty only. He became a trustee of this property only by the act of purchasing at the mortgage sale, qualified and characterized by his declaration, made at the time, which formed part of the *res gestæ.* That declaration was that he was purchasing in the interest of the heirs, and to protect interests of his own. He had as good a right to buy to protect his own interests as any stranger, and it was only because he coupled the interest of the heirs with his own, in the declaration of his purpose in buying, that he became, in any sense, or to any extent, a trustee for the plaintiffs. In what sense, and to what extent, therefore, he became such trustee, must depend upon the relative nature and extent of the respective interests of himself and of the plaintiffs. The interest of Bradner was that of a creditor of the deceased, entitled—the personal estate being exhausted—to sell the real estate for the payment of his debt. The interest of the plaintiffs was that of heirs, taking the real estate subject to the claims of creditors. The interests of both were subject to the mortgage, and, that being foreclosed, the interests of both would be cut off or confined to the surplus, if any, to be realized on the sale, unless the property were purchased for the benefit of one or both of the parties thus interested. Bradner bought for the benefit of both, and thus became a trustee for the heirs to the extent of their interest. But their interest was subordinate to his, to the extent of his claims as a creditor of the estate, and he had a right to retain the title to the property until those claims were satisfied. Those are the claims which have been alleged and established, in his favor, in this action; and there would seem to be no question that they must be allowed to him, subject to such offsets as have also been established, in determining the amount to be paid by the plaintiffs as a condition of the conveyance to them of the property in question. In the view thus taken of the nature and extent of the trust under which Bradner held the title to the property, it seems clear that his possession of it cannot be deemed, in any sense, wrongful, and, consequently, that his accountability for rents and profits must be limited to the measure of the fair rental value of the property. So it was held at special term, and, as we think, consistently with the facts and with abundant authority. *Jackson* v. *Andrews,*

98 N. Y. 672; *Loos* v. *Wilkinson*, 113 N. Y. 497, 21 N. E. Rep. 392; *New Orleans* v. *Gaines*, 15 Wall. 624. The court at special term found that rental value to be $900 per annum, over and above taxes and insurance, and with that finding we are not disposed to interfere.

The only remaining question which we feel called upon to consider is raised by the defendant's exception to the allowance of costs to the plaintiffs, and especially of an additional allowance of costs. The award of taxable costs in actions of this character is in the discretion of the court. That discretion is, in the first instance, exercised by the trial court upon the rendering of final judgment, and, although that exercise of discretion is subject to review on appeal, it is not very often interfered with, and never, unless it plainly appears that the award is in violation of the equities of the case. This is not a case in which we are disposed to question the propriety of the award of taxable costs to the plaintiffs. The award of an additional allowance stands upon quite a different footing  Though in some respects discretionary with the trial court, yet in other respects the authority to make such awards is strictly limited by the statute. Thus, in a case like this, the allowance can be granted only as a percentage "upon the sum recovered or claimed, or the value of the subject-matter involved." Code, § 3253, subd. 2. In this case there was no sum recovered and no sum claimed, and the "subject-matter involved" was the interest of the plaintiffs in the real estate in question, as that interest should be ascertained by the final judgment in the action. *Weaver* v. *Ely*, 83 N. Y. 89; *Patterson* v. *Burnett*, 4 N. Y. Supp. 921. Unfortunately for the plaintiffs, there is nothing in the facts found or established by the evidence in this action from which the court could ascertain and determine that such interest of the plaintiffs was of any value whatever. By the findings of the court upon which the interlocutory judgment was based, the value of the real estate in question at the time of the foreclosure sale was fixed at from $20,-000 to $25,000, and there has been no subsequent finding on that subject, nor does it appear that the value of the property has appreciated since the date of the sale. The property is still subject to the lien of the new mortgage of $13,000, given on the sale, and the final judgment rendered at special term subjected the interest of the plaintiffs to the further burden of the payment, in order to entitle them to a conveyance of the property, of an aggregate sum of more than $17,000. These burdens greatly exceed in amount the highest possible value of the property, so far as shown by the record before us, and leave nothing for the value of the plaintiffs' interest therein. For the want of any ascertained basis for the computation of an additional allowance, the defendants' exception to such allowance must be sustained. The order and judgment appealed from must be modified by deducting from the amount allowed to the defendant Bradner, for liens, etc., paid by him before the foreclosure sale, the sum of $3,386.46 found by the referee under the order of this court as a proper offset thereto; and by striking out the additional allowance of costs to the plaintiffs, and, as so modified, affirmed, without costs of this appeal to either party. Judgment and order affirmed as modified.