66   125
40ap 32
66h 125
54ad447

# CHARLES G. DOREMUS, RESPONDENT, *v.* DARIUS G. CROSBY AND OTHERS, APPELLANTS, IMPLEADED WITH OTHERS, DEFENDANTS.

*Extra allowance — subject-matter of a partition suit — what allowed to a wife with inchoate dower right — what to a guardian* ad litem *— rents collected* pendente lite.

In an action for partition the "subject-matter" involved, within the meaning of section 3253 of the Code of Civil Procedure, is the property partitioned, and it is upon its value, and not upon the plaintiff's share in it, that an extra allowance should be computed.

The extra allowances made to all parties cannot exceed five per cent upon the value of the property.

Such allowance should not be made to the wife of the plaintiff where she has only an inchoate right of dower, nor to the guardian *ad litem* of the infant daughter of the plaintiff, where such infant has no interest in the land. Such a guardian, unless the infant has an interest in the land, is only entitled to his costs.

Where a receiver has been appointed *pendente lite* to receive the rents of the property, and no provision in regard to them is made in the interlocutory or in the final judgment, the value of such rents cannot be considered in determining the subject-matter upon which an extra allowance is to be calculated.

The rule as to extra allowances is not affected by the fact that the action of partition resulted from the successful contest of a will.

APPEAL by the defendants, Darius G. Crosby, Estelle Warren and Emma Derby, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 3d day of May, 1892, and particularly from that part thereof which directs the payment to the defendant Louisa D. Rathbun of one-seventh of the net proceeds of sale of the premises sold under the interlocutory judgment herein, and which directs the payment to the defendant Darius G. Crosby of only two-sevenths of the net proceeds of sale, instead of two-sixths claimed by said defendant; and also that part of said judgment which awards costs to the defendant Louisa D. Rathbun, and which awards and fixes amount of allowances to the several parties to the action, in addition to costs, with notice that upon such appeal the said defendants will bring up for review the interlocutory judgment made in the above-entitled action, and entered in the office of the clerk of the city and county of New York on the 28th day of April, 1891, and particularly that

part of said interlocutory judgment which adjudges that the fourth
and fifth clauses of the will of Peter C. Doremus, deceased, are void
and of no effect, and which adjudges that the defendant Louisa D.
Rathbun is entitled to an interest in the premises described in said
judgment, or in the proceeds thereof, and which adjudges that the
defendant Darius G. Crosby is only entitled to an undivided two-
sevenths, instead of two-sixths of said premises.

*Theodore H. Silkman*, for the appellants.

*George Bliss*, for the respondent.

Barrett, J.:

We do not agree with the appellants in their first contention, that
the value of the plaintiff's interest is the sole subject-matter here
involved.

This is an action for the partition of real estate, and the property
sought to be partitioned is the subject-matter involved within the
meaning of section 3253 of the Code of Civil Procedure. The
question is not affected by the fact that the partition follows a suc-
cessful attack upon a will. It is still an action for the partition of
real estate. In such an action the plaintiff does not, as in ejectment,
seek to recover his interest from the defendants. The parties are
tenants in common, and the action is necessarily in the interest and
for the benefit of all such tenants in common. The plaintiff in his
complaint prays that the interests of all parties, plaintiff and defend-
ants, may be settled and determined by the court, and that an actual
partition in accordance with such determination may be made
according to law and the practice of the court. In case such actual
partition cannot be made without material injury, then the plaintiff
further prays that the property may be sold and the proceeds divided
among the parties to the action, according to their respective rights
and interests. In the cases cited by the appellants (*Struthers* v.
*Pearce*, 51 N. Y., 365; *Adams* v. *Arkenburgh*, 106 id., 615;
*Weaver* v. *Ely*, 83 id., 89; *Abell* v. *Bradner*, 15 N. Y. Supp., 64)
the plaintiffs sought no judgment for the benefit of the defendants
or in their interest, but demanded rights which were withheld from
them by the defendants. Even in *Adams* v. *Arkenburgh* (*supra*),
which was an action for the dissolution of a partnership and an
accounting, the plaintiff in his complaint demanded from the

defendant, who it is averred had appropriated joint funds of the partnership and had possession of what were claimed to be assets of the firm, his one-half share of all "the property, securities and money mentioned as the assets of the partnership." (See opinion of Danforth, J., p. 618.)

The action was, therefore, for the recovery from the defendant of this one-half share, and the court held that such one-half share was the subject-matter involved in the action. The same distinction will be found in the other cases cited by the appellants. The view contended for, if sustained, would lead to great practical inconvenience, for we know that these cases frequently involve a great deal of work and responsibility, and that the plaintiff's attorney has the laboring oar very much for the benefit of all concerned. The action is exceptional in the particulars pointed out, and we think the legislature intended by the language used in section 3253 to make special provision for just such a case.

We agree, however, with the appellants in their second contention, namely, that the court cannot allow to the parties in the aggregate more than five per centum upon the whole value of the property sought to be partitioned. Section 3253, as it bears upon this question, reads as follows : " In an action  *  *  *  for the partition of real property  *  *  *  the court may also, in its discretion, award to *any* party  *  *  *  a sum not exceeding five per centum upon  *  *  *  the value of the subject-matter involved."

Clearly, the words "any party," as here used, do not mean "each party." Otherwise, the court might, if there were twenty parties, allow 100 per centum. The object was to give the court discretion as to the proper distribution of whatever allowance should be granted within the limit fixed. But such limit was to be five per centum upon the value of the property. It was so held in *Fraser* v. *McNaughton* (58 Hun, 34), and we concur in the conclusion there arrived at. Our construction is not in conflict with the views expressed in *Weed* v. *Paine* (31 Hun, 10). It was there held that the restriction in amount contained in section 3254, applied only to each side of the litigation, and that, consequently, the court had power, in a proper case, to award $4,000 in the aggregate. This is entirely consistent with a primary limitation of five per centum upon the subject-matter involved in the action. Undoubt-

edly, what the court meant was that where the value of the subject-matter equaled or exceeded $80,000, the court had power to award $2,000 to each side.

We also think that allowances should not have been granted to the plaintiff's wife, nor to the *guardian ad litem* of his infant daughter, nor to the plaintiff's mortgagee. The appellant has a right to complain of the reduction of the fund in this manner. The plaintiff's wife had merely an *inchoate* right of dower in the plaintiff's one-seventh part, for which she has been allowed by the decree $123. Her costs, together with the allowance complained of, amount to $156.24.

The allowance to the *guardian ad litem* was entirely unauthorized. He was entitled, out of the estate, to his taxable costs and to no more. It was expressly adjudged that this infant had no interest whatever in the estate. Her interest under the will was taken by her father through this decree which he procured, and he certainly cannot charge upon his tenants in common the expenses of his daughter's unsuccessful contest with himself.

There is nothing in the case of *Weed* v. *Paine* (*supra*) which would justify the court in awarding to the guardian of this infant an extra allowance out of other people's money. The court was there speaking of a case where the infant had an interest in the subject-matter. Here she has no interest whatever in the estate nor in the money realized upon the sale. Under such circumstances the utmost that the guardian can be allowed out of the fund is his taxable costs. (*Union Ins. Co.* v. *Van Rensselaer*, 4 Paige, 87; *Gott* v. *Cook*, 7 id., 544; *Downing* v. *Marshall*, 37 N. Y., 391, 395; *In re Holden*, 126 id., 596.) In the case first cited the chancellor said: "If any extra allowance is made to the *guardian ad litem* of the infants, it must be paid out of their share in the surplus; as nothing but the taxable costs can be charged upon that portion of the fund which belongs to other parties."

And in *Gott* v. *Cook* he again observed: "The infant children of Mrs. Kane, having no vested interest in the estate, there is nothing out of which any counsel fees for them can be allowed. And the court is not authorized to charge a fund which may eventually all belong to others, with anything more than the taxable costs of their guardians *ad litem*."

In the *Matter of Holden* the Court of Appeals referred to the fact that the ward had only a contingent and reversionary interest in the share of one of the beneficiaries. This, said RUGER, Ch. J., "gave them no present interest in the trust fund, and under the cases of *Union Insurance Company* v. *Van Rensselaer* (4 Paige, 87) and *Downing* v. *Marshall* (*supra*) an allowance to their guardian could be made only out of the shares of the infants."

In arriving at the value of the subject-matter involved in the action, the rents collected by the receiver *pendente lite* should not be added to the amount realized from the sale of the property. Neither the interlocutory nor the final judgment makes any provision with regard to these rents. Their collection was pursuant to a provisional remedy and was a mere incident to the partition. The subject-matter of the action proper was the real estate sought to be partitioned; and its value, or the proceeds of the sale, was the value of such subject-matter.

The judgment appealed from should, therefore, be reversed, so far as it awards extra allowances to the several parties to the action, with ten dollars costs and disbursements to the appellants, payable out of the fund, and without prejudice to a fresh application at Special Term upon the principles stated in this opinion.

O'BRIEN, J., concurred.

So ordered.