JOSHUA J. WARREN, Appellant, *v.* WILLIAM WARREN, Defendant, and MARY RUPORT et al., Respondents, Impleaded with Others.

KECK & ROGERS et al., Appellants.

Partition — costs — practice — extra allowances of costs — total amount allowed to all parties cannot exceed five per cent of value of property — allowance to plaintiff based on value of the whole property — allowance to any defendant based on value of that defendant's interest in the property — construction of provision limiting allowance to $2,000 to each side of action.

1. In no event can the total allowance in actions for partition exceed five per centum upon the value of the subject-matter involved.

2. For the purpose of fixing the allowance which may be made to the plaintiff, the value of the subject-matter involved is the value of the whole property, and for the purpose of fixing the allowance to any defendant, the value of that particular defendant's interest is the value of the subject-matter involved.

3. The limitation that in no event shall the allowances to a plaintiff, or to a party or two or more parties on the same side exceed $2,000, means that the allowance to a plaintiff cannot exceed $2,000, and the allowance to all the defendants, considered as a class or "side," shall not exceed another $2,000.

*Warren* v. *Warren,* 142 App. Div. 923, affirmed.

(Argued October 5, 1911; decided October 24, 1911.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 21, 1911, which affirmed an order of Special Term striking out provisions for extra allowances of costs from a judgment in partition.

The facts, so far as material, and the questions certified are stated in the opinion.

*H. D. Wright, William C. Mills, W. W. Smith* and *A. C. Houghton* for appellants. The court may not, on

motion, review its own judgment, or re-exercise its discretionary powers. (Code Civ. Pro. § 3253; *Kiernan* v. *A. Ins. Co.,* 3 App. Div. 26; *Gennert* v. *Butterick,* 133 App. Div. 86.) The allowance made by the court was right and within its power. (Code Civ. Pro. § 3253; *Van Meter* v. *Kelly,* 137 App. Div. 455; *Crossman* v. *Wyckoff,* 64 App. Div. 554; *Chittenden* v. *Gates,* 25 App. Div. 623; *Defendorf* v. *Defendorf,* 42 App. Div. 167; *Bryant* v. *Allen,* 54 App. Div. 500; *L. I. L. & T. Co.* v. *L. I. C. & N. R. R. Co.* 85 App. Div. 36; *Waterbury* v. *Cordage Co.,* 152 N. Y. 610.)

*Alfred D. Dennison* for respondents. Extra allowances to all the parties may not exceed in the aggregate five per cent. (Code Civ. Pro. §§ 3253, 3254; *Doremus* v. *Crosby,* 66 Hun, 125; *Fraser* v. *McNaughton,* 58 Hun, 30; *MacFarlane* v. *Brower,* 63 Misc. Rep. 183; *Van Meter* v. *Kelly,* 137 App. Div. 455.) The court has no power to grant extra allowances to parties who are not entitled to tax costs. (*Couch* v. *Millard,* 41 Hun, 212; *Jordan* v. *Hess,* 54 N. Y. S. R. 326; *Kahn* v. *Schmidt,* 83 Hun, 541; *Frost* v. *Reinach,* 40 Misc. Rep. 412.) Excessive and unauthorized allowances may be stricken out on motion. (Code Civ. Pro. § 724; *Cooper* v. *Cooper,* 51 App. Div. 595; 164 N. Y. 576; *Schulte* v. *Lestershire B. & S. Co.,* 88 Hun, 226; *Bockes* v. *Hathorn,* 17 Hun, 87; *Clapp* v. *McCabe,* 155 N. Y. 525; *Cooper* v. *Cooper,* 51 App. Div. 595; *Corn Exchange Bank* v. *Blye,* 119 N. Y. 414; *Ladd* v. *Stevenson,* 112 N. Y. 325; *Clark* v. *Scovill,* 198 N. Y. 279; *Supervisors* v. *Briggs,* 3 Den. 173; *Stephens* v. *Central Nat. Bank,* 168 N. Y. 560; *Conaughty* v. *Saratoga County Bank,* 92 N. Y. 401; *Kraushaar* v. *Meyer,* 72 N. Y. 602; *Leonard* v. *Columbia,* 84 N. Y. 48.) The court may open and amend its judgment at the instance of defaulting defendants. (Code Civ. Pro. § 724; *Cooper* v. *Cooper,* 51 App. Div. 595; 164 N. Y. 576; *Corn Ex. Bank* v. *Blye,* 119 N. Y. 414; *Ladd* v.

*Stevenson,* 112 N. Y. 325; *Clark* v. *Scovill,* 198 N. Y. 279.)

WERNER, J. This is an action for partition of real property, in which the court at Special Term fell into the error of granting extra allowances of costs which were so obviously unauthorized that the same court, upon motion of certain defendants who had not answered and had been awarded no costs, vacated its first order and then refused to allow any costs beyond those which were regularly taxable. From the order embodying this latter decision, the attorneys for the plaintiff took an appeal to the Appellate Division where there was an unanimous affirmance, with permission to appeal to this court upon two questions which have been certified to us. These questions are as follows:

" 1. In a partition suit where several different attorneys appear for several different defendants and file answers creating issues, can the trial court, in the exercise of its discretion under section 3253 of the Code of Civil Procedure grant an extra allowance of five per cent to the plaintiff and any further sums not exceeding five per cent to the attorneys for the defendants?

" 2. The trial court having exercised its discretion and having granted five per cent extra allowance to a plaintiff, and five per cent to each of four different sets of defendants appearing by separate attorneys, can such court, on motion, after the entry of judgment, at the instance of a defendant who has defaulted without showing excuse for his default, amend the judgment by striking out all extra allowances so granted?"

These questions, although evidently framed with a view to minimizing rather than emphasizing the malpractice which is the proper ground for criticism in the case at bar, are comprehensive enough to permit of answers which will lay down a general rule of practice under the sections of the Code of Civil Procedure relating to extra

allowances of costs, and to that end a short discussion may be of some value.

First of all it is to be noted that extra allowances of costs, pursuant to sections 3253 and 3254 of the Code of Civil Procedure are in no case a matter of right, but may be granted or withheld in the discretion of the court. The proper exercise of that judicial discretion necessarily includes the power to correct mistakes or abuses in the granting or withholding of extra allowances, and that is palpably true where the amount limited by the statute has been either inadvertently or consciously exceeded. The statute (section 3253) provides that the allowance shall not exceed five per centum upon the sum recovered or claimed, or the value of the subject-matter involved, and that is subject to the further limitation that in no case shall the sum awarded to a plaintiff, or to a party or two or more parties on the same side, exceed in the aggregate, two thousand dollars. In the case at bar the allowances granted to the attorneys for the plaintiff and for several defendants amount in the aggregate to more than twenty-eight per centum of the price for which the property was sold. When this error was brought to the attention of the court, it was at once corrected by striking from the order all provisions for extra allowances. That was an exercise of discretion as clearly within the power of the court as the granting of the excessive allowances was beyond its power. The mistake made by the court, in assuming to exercise a power and discretion which it did not have, was properly subject to correction under the broad provisions of sections 723 and 724 of the Code of Civil Procedure, and we may, therefore, end the discussion as to the second question certified to us by answering it in the affirmative. The court clearly had the power to correct its mistake, even to the extent of refusing to grant any extra allowance.

The first certified question cannot be disposed of so summarily for it involves an analysis and interpreta-

tion of sections 3253 and 3254 above referred to. The question, fairly paraphrased, is whether the court has power in a partition suit, where several different attorneys appear for different defendants and file answers creating issues, to grant an extra allowance of five per cent to the plaintiff, and any further sums not exceeding five per cent to the attorneys for the defendants. It will be noted that this question as certified is much too broad to permit of a categorical answer, for it omits any reference to either of the limitations of sections 3253 and 3254 fixing the point beyond which the court may not go in awarding extra allowances, and it mentions one limitation which is not to be found in these sections as they now exist. The framer of the question apparently assumed that the power of the court to award extra allowances to defendants, in suits for partition, was confined to defendants who file answers creating issues. No such restriction is to be found in section 3253, for it distinctly provides that the power may be exercised in "any action, or special proceeding, specified in this section, where a defense has been interposed, *or in an action for the partition of real property.*" In the italicized part of this sentence extracted from the statute, we find a clear negation of the assumption that the power of the court to award extra allowances in partition suits is limited, so far as defendants are concerned, to those who have filed answers creating issues. No such restriction is to be found in the statute.

Passing to the limitations of the statute which, as we have pointed out, are ignored by the first certified question, it is to be noticed that the language of sections 3253 and 3254, as applied to partition suits, is so general as to be open to divergent interpretations except in one particular, and that is that the total allowance must not exceed five per centum. When we look further to ascertain the subject-matter upon which this percentage is to be based, we are confronted by the very comprehensive phrase

"upon the sum recovered or claimed, or the value of the subject matter involved." (Section 3253, subd. 2.)   Does this mean the value of the whole subject-matter as to each party who may ask for an extra allowance?   Obviously not, for that view would sanction an allowance in excess of five per cent of the value of the subject-matter involved. Does it mean that a plaintiff with a small interest in the property to be partitioned or sold is to be limited to an allowance of five per cent upon the value of his interest? That view is open to the practical objection that many partition suits involve a vast amount of labor, the burden of which falls principally upon the plaintiff's attorney. Almost of necessity we are driven to the conclusion that so narrow an interpretation of the statute would tend to defeat the very purpose for which the provisions for extra allowances were enacted.   But if we adopt the reasonable view that as to a plaintiff in partition the value of the subject-matter involved is the value of the whole property, we are met by the impossibility of fixing the allowances to defendants upon the same basis without exceeding the limitation that the aggregate allowances shall not exceed the sum of five per centum upon the value of the subject-matter involved.   Therefore, the only workable rule that can be evolved out of this situation is to hold that as to a plaintiff the value of the subject-matter is the value of the whole property, and as to each defendant it is the value of his interest in the property.   Upon first consideration this seems to result in unfair discrimination in favor of a plaintiff with a small interest, as against defendants who have larger interests, but it is a discrimination which is proper and necessary in the nature of the case.   Upon the plaintiff falls the burden of conducting the litigation and of attending to the numerous technical details which are essential to the validity of judgments involving the transmission of titles to real property by judicial process.   Defendants in partition suits are, as a rule, mere passengers in the litigation who are simply

interested in seeing that their interests are not overlooked or misstated. These are the practical reasons which justify the adoption of one standard as to plaintiffs and another as to defendants.

In connection with the limitation of section 3253, that the total of the allowances shall not exceed the sum of five per centum upon the value of the subject-matter involved, we must consider the further limitation of section 3254, that all sums "awarded to the plaintiff, * * * or to a party or two or more parties on the same side * * * cannot exceed, in the aggregate, two thousand dollars." Here again the phraseology of the statute is very general and somewhat ambiguous. Does it mean that not more than two thousand dollars shall be allowed to all the parties? Or does it mean that a sum not in excess of two thousand dollars may be allowed to each of the parties? Or does it mean that not more than two thousand dollars shall be allowed to a plaintiff on one side and another sum not to exceed two thousand dollars to all the defendants on the other side? The latter seems to be the only practicable view of the statute. If we should construe it to mean that the total allowances to all the parties cannot exceed the sum of two thousand dollars, it would work great injustice to many plaintiffs' attorneys who have fairly earned that sum and much more. If we should hold that it means an allowance not to exceed two thousand dollars to each defendant, it would in many cases render it impossible to keep within the limit of five per cent of the value of the subject-matter involved, and in many other cases it would result in annihilating estates for the enrichment of lawyers. The view which we are inclined to favor as reasonable is the one which avoids both of these extremes and permits the allowance to a plaintiff of a sum not to exceed two thousand dollars, and to the defendants, as a class or side, another sum not in excess of two thousand dollars.

Although this court has apparently not before been called upon to interpret these two sections of the Code of Civil Procedure the foregoing views are not original, for they were first advanced in 1892 by the late Mr. Justice BARRETT in the General Term of the first department in the case of *Doremus* v. *Crosby* (66 Hun, 125), and they were expressed with characteristic precision and clarity. "We agree," said he, "with the appellants in their second contention, namely, that the court cannot allow the parties in the aggregate more than five per centum upon the whole value of the property sought to be partitioned. Section 3253, as it bears upon this question, reads as follows : 'In an action  *  *  *  for the partition of real property  *  *  *  the court may also, in its discretion, award to *any* party  *  *  *  a sum not exceeding five per centum upon  *  *  *  the value of the subject-matter involved.' Clearly, the words 'any party,' as here used, do not mean 'each party.' Otherwise, the court might, if there were twenty parties, allow 100 per centum. The object was to give the court discretion as to the proper distribution of whatever allowance should be granted within the limit fixed. But such limit was to be five per centum upon the value of the property. It was so held in *Fraser* v. *McNaughton* (58 Hun, 34), and we concur in the conclusion there arrived at. Our construction is not in conflict with the views expressed in *Weed* v. *Paine* (31 Hun, 10). It was there held that the restriction in amount contained in section 3254, applied only to each side of the litigation, and that, consequently, the court had power, in a proper case, to award $4,000 in the aggregate. This is entirely consistent with the primary limitation of five per centum upon the subject-matter involved in the action. Undoubtedly, what the court meant was that where the value of the subject-matter equalled or exceeded $80,000, the court had power to award $2,000 to each side." (p. 127.)

For nearly twenty years the rule thus laid down in

*Doremus* v. *Crosby,* and the other cases therein referred to apparently stood unchallenged. In 1910 it was disregarded or violated by the Special Term in the case of *Van Meter* v. *Kelly,* an action for partition, in which the allowances exceeded the sum of five per centum upon the amount for which the property was sold. Upon appeal by a defendant who felt aggrieved, the Appellate Division in the fourth department, speaking through Mr. Justice KRUSE (137 App. Div. 455), reaffirmed the rule of *Doremus* v. *Crosby* and *Weed* v. *Paine* (*supra*). Thus this rule has the support of authority, of long-continued usage and, we believe, of reason based upon controlling practical considerations. For the sake of emphasis we, therefore, restate in compact sequence the views which are more or less scattered through this opinion.

1. In no event can the total allowances in actions for partition exceed five per centum upon the value of the subject-matter involved.

2. For the purpose of fixing the allowance which may be made to the plaintiff, the value of the subject-matter involved is the value of the whole property, and for the purpose of fixing the allowance to any defendant, the value of that particular defendant's interest is the value of the subject-matter involved.

3. The limitation that in no event shall the allowances to a plaintiff, or to a party or two or more parties on the same side exceed $2,000, means that the allowance to a plaintiff cannot exceed $2,000, and the allowances to all the defendants, considered as a class or "side," shall not exceed another $2,000.

If the certified question No. 1 were to be construed as recognizing these limitations, it would have to be answered in the affirmative; if it is not so construed it will have to be answered in the negative, for it is literally much too broad for the rule. We regard it as not fairly susceptible of an interpretation which is consonant with the rule, and we, therefore, answer it in the negative.

The order of the Appellate Division should be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Order affirmed.