WILLIAM P. FOGARTY, Plaintiff, *v.* MARY A. STANGE and Others, Defendants.

(Supreme Court, New York Special Term, August, 1917.)

Partition — motion for final judgment in — allowances — infants — receivers — actions — liens — evidence — referees.

Where, on motion for final judgment in an action for the partition of real estate, it is conceded that some of the amounts to be deducted from the gross proceeds of sale in order to arrive at the net proceeds divisible among the owners of shares cannot yet be determined, nevertheless allowances to parties in interest can be made.

The value of the interest of each share owner in the property is the value of his undivided interest considered as a fraction of the whole property and not the particular sum of money he would receive after the deduction of liens of other share owners against his share.

Where infant defendants in an action for partition have no personal interest in the properties involved, no allowance may be granted to their guardian, but they are entitled to their taxable costs.

Where a receiver of the rents of property sought to be partitioned appointed in another action having different parties was not made a party to the action for partition, evidence as to the amount of his lien on the property is inadmissible, unless

Supreme Court, August, 1917.      [Vol. 101.

the decree contains a provision that the amount to be paid to him be fixed.

In an action for partition the referee appointed to sell has power and it is his duty to adjourn the closing of title to certain of the parcels purchased by one of the parties to the action who expects to apply on the purchase price her share of the proceeds of sale.

The order of reference made in an action for partition may direct the referee to ascertain and report as to any matters not specifically enumerated but incidental to the matters before mentioned in the order or relating to or growing out of the interlocutory judgment or appropriate to be provided for in the final judgment.

The interests of specific lienors in the action are sufficiently guarded by the following language of the final judgment: "After first paying from the proceeds of such other parcels the specific or general liens thereon."

Motion by the plaintiff for final judgment in an action for the partition of real property and for the fixing of costs and allowances to be awarded by such final judgment.

Frayer & Alden (Eugene Frayer, of counsel), for plaintiff.

William F. Clare, for defendant Mary A. Stange and others.

Blandy, Mooney & Shipman (Edmund L. Mooney and Leon M. Woodworth, of counsel), for defendant Nannie H. Fogarty.

Alexander & Keenan, for defendants Nannie H. Fogarty and John F. Keenan, as executors of the will of Helen Keenan, deceased, and others.

Joseph A. Keenan, for defendant Mary J. Brinley.

Johnston & Johnston (Lewis Johnston, of counsel), for defendants Annie Davis and Patrick A. Fogarty.

Edward P. Orell, Jr., for defendants Ellen T. O'Reilly and others, and guardian *ad litem* of the infant defendant J. Van Holland Davis.

Clarke & Clarke (Richard H. Clarke, of counsel), for defendants Hugh P. Skelly and others.

McKenna & McKenna, for defendant Sarah McKenna.

Joseph H. Fargis, guardian *ad litem* for infant defendant Hugh Stange.

Stephen J. McTague, for Lillian F. Keenan, guardian *ad litem* for the infant defendant Julie M. Keenan.

Dean, Tracy & McBarron, for Lawyers' Title and Trust Company and Albert F. D'Oench, executors of the will of May M. Johnson, deceased.

George L. Ehrhardt, for defendant William P. Fogarty, as administrator, etc.

Hugh E. O'Reilly, guardian *ad litem* of infant defendants O'Reilly.

Charles O. Maas, for James P. Campbell, as executor, etc.

M. Edward Kelley, for John E. Connolly, receiver.

Adolph E. Gutgsell, receiver of property of William P. Fogarty.

Supreme Court, August, 1917.          [Vol. 101.

John J. Lenehan, for Loretta E. Cosgrove and Joseph M. O'Brien and Loretta E. Cosgrove, as trustees, lienors.

Paskus, Gordon & Hyman, for Kips Bay Brewing and Malting Company.

GIEGERICH, J.   Although this motion is in form for final judgment, upon the argument it was agreed that no attempt at this time should be made to settle the terms of the. final judgment, but that the court should fix the allowances to be granted and should determine sundry questions raised in other motions made concurrently with this motion, and that all other questions raised by such motions should stand over until the entry of the final judgment, which will have to await the accounting of the receiver of the rents of the properties embraced in this proceeding, which accounting will have to be held in another action in which the receiver was so appointed, and will also have to await the report of the referee to be appointed in the order to be entered hereon upon various questions to be stated in that order.   *First,* with respect to the allowances, only one serious question is raised, and that relates to the right of the defendant Patrick A. Fogarty to participate in the $2,000 which is conceded should be apportioned among the defendants. Patrick A. Fogarty is the owner of an undivided one-eighth of the properties embraced in the action, but there are liens against his undivided interest aggregating such an amount that his share of the net proceeds of sale, based upon the prices realized, will fall short of the aggregate of the liens, so that there will, in fact, be no amount whatever payable to him from the hands of the referee.   The plaintiff owns an undivided one-eighth share and the defendants, among

them, have the other seven-eighths. The practical effect of refusing any allowance to the defendant Patrick A. Fogarty would be to divide the $2,000 permitted by the statute into sixths instead of sevenths, after deducting a small allowance to be made to one of the defendants who has a dower interest in some of the properties. No authorities are cited on either side, and I am unable to see how it would be practicable or in fact possible to make the allowances to the defendants at this time if those allowances are to be based upon the amounts they are severally to receive from the referee. Concededly, some of the amounts which will have to be deducted from the gross proceeds of sale in order to arrive at the net proceeds of sale divisible among the owners of shares cannot yet be determined, and consequently it cannot yet be determined just what amounts will be coming to the different share owners from the referee. There are various liens upon the shares of various defendants, and some of them have liens against the shares of each other. Even if all the necessary figures were obtainable at this time, the computations required to arrive at the results logically contemplated by the objections would be elaborate and difficult. The latest expression of our highest court on the question of allowances is contained in *Warren* v. *Warren,* 203 N. Y. 250, in which the court, at page 255, said that, as to the plaintiff, the value of the subject-matter is the value of the whole property, and " as to each defendant it is the value of his interest in the property." By this expression I think is meant the value of the undivided interest of each defendant, considered as a fraction of the whole property, and not the particular sum of money which such defendant would receive after the deduction of any mortgages or judgments or liens of other share owners

against his share on account of his having received more than his share of rents, or any liens of any character. Not only is it proper in the ordinary sense of language to speak of the interest of an owner of an undivided one-eighth share in the property as a one-eighth interest in the property, irrespective of liens, but in a very substantial and real sense he has such an interest, and it properly devolves upon him to make any contest necessary to establish and defend that fractional interest if it is challenged in whole or in part by any other party to the action. The money representing his fractional share is his money, whether it is all to be paid to him by the referee or whether part is paid to him and part to his creditors, or whether all is paid to his creditors. Plainly, it is his money, even though he immediately turns it over to his creditors after receiving it, and so, too, it is his money that is paid to his creditors, although the payment be made by the hand of the referee. In contending for his fractional share, each owner makes a contest for the benefit of the lienors upon his share, all of them being united in interest in that share, and it would seem to be proper to allow him his fractional portion of the $2,000 divisible among defendants. This case is one where the allowance of the full $4,000 permitted by statute is wholly inadequate to compensate the attorneys for the labors involved. I will allow to the plaintiff $2,000 and to the defendant dowress, Ellen T. O'Reilly, the sum of $75, and will divide the remainder, amounting to $1,925, into shares of one-seventh each, amounting to $275 each, and make allowances accordingly to the various defendants. The above allowance to Ellen T. O'Reilly is based upon the amount she is to receive on account of rents, as well as her interest in the proceeds of sale. I regret my lack of power to grant any allow-

ances to the guardians, because the infants they represent have no personal interest in the properties embraced in the action. The order, however, should provide for the payment of their costs to be taxed. With respect to other provisions of the order, I agree with the suggestion made in the brief submitted on behalf of the defendant Nannie H. Fogarty that there should be a provision for fixing, in this action, the amount of the lien of the former receiver. As I understand it, that receiver was appointed in another action and his accounts are expected to be passed upon and the amount to be paid him fixed in that other action; but I do not understand how it is expected that any proof of the result in the other action can be put in evidence in this action, which, presumably, has different parties, unless there is a provision made in some such form as is suggested in the brief referred to which will be binding upon the parties to this action. Otherwise, against the objection of any party in this action, the referee herein would not be authorized to receive in evidence any order or judgment in an action between other parties. At best, the situation, as I understand it, is an extraordinary and anomalous one and may lead to complications, since the receiver in the other action has been given a lien in this action, but at the same time he has not been made a party to this action and nothing done in this action can be binding upon him. Manifestly, if progress is to be made and a definite conclusion reached, it will be necessary in some way to establish some connection between the two actions so far as this lien is concerned. With respect to the suggested provision in the order adjourning the closing of title to certain parcels purchased by one of the parties who expects to apply on the purchase price her share of the proceeds of sale, I do not think that

Supreme Court, August, 1917. [Vol. 101.

such a provision is necessary, because, under the circumstances, it seems clear that the referee has power and it is his duty to adjourn the closing in any case where the purchaser wishes to offset against what he is to pay the referee any sum that he is to receive from the referee. I am of the opinion that the following provision, namely: " Ordered, that it be further referred to said referee to ascertain and report as to any matters not hereinbefore specifically enumerated, but incidental to the matters hereinbefore mentioned, or relating to or growing out of the interlocutory judgment, or appropriate to be provided for in the final judgment in this action," suggested in the same brief, might well be incorporated in the order to be entered now, so as to avoid the delay and necessity of another application to the court if any question not specifically anticipated and provided for in other portions of the order should arise. I have carefully considered the objections made on behalf of the lienor Cosgrove to the proposed 3d paragraph of the order submitted by the plaintiff, but am satisfied that the apprehensions giving rise to such objections are groundless. That paragraph guards the interests of specific lienors by the following language: "After first paying from the proceeds of such other parcels the specific or general liens thereon." Since the papers were submitted I have received from the attorneys for the executors of Helen Keenan, deceased, a letter and a memorandum objecting to the 7th paragraph of the order as proposed by the plaintiff's attorneys and complaining that no previous notice had been given by any one of an intention to obtain such a provision. When the new order to be drafted is presented it may be well to retain that provision tentatively and at the time the new order is presented for settlement briefs may be handed in on

this point. I wish to call the attention of the parties to the fact that the 4th paragraph of the order as proposed by the plaintiff seems to exonerate certain parcels from bearing any share of the general expenses of the action, and provides that only the respective amounts of the underlying mortgages on those parcels shall be deducted from the gross proceeds of sale of those parcels in arriving at the net proceeds of the sale of those parcels for distribution. If that is not the intention of the section referred to, the language should be suitably altered. Let a new order be prepared in conformity with the views above expressed and presented for settlement on notice; and in order that counsel may have an opportunity to attend to such settlement at a more suitable time I suggest that such notice of settlement be given for a date not earlier than September sixth. Upon the day for which notice of settlement is given, let all papers be handed in to the county clerk.

Ordered accordingly.