(165 App. Div. 24)

JOHNSTON v. JOHNSTON et al.

(Supreme Court, Appellate Division, Second Department. December 18, 1914.)

1. PARTITION (§ 111*)—DISTRIBUTION OF ASSETS—RIGHT TO.

    In a partition suit, to which an administrator was a party, sale was made within three years after the granting of letters. The administrator's final accounting had been approved by the surrogate, and the interlocutory judgment did not provide that the sale should be free from the lien of every debt of the decedent. *Held*, though Code Civ. Proc. § 1538, provides that, unless three years shall have elapsed since the granting of letters of administration, the share of a deceased person·shall be paid into court, the court might distribute the funds among those entitled.

    [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 401–418; Dec. Dig. § 111.*]

2. PARTITION (§ 114*)—PROCEEDINGS—COSTS.
> In a partition suit, the referee's percentage for paying out money provided for by Code Civ. Proc. § 3297, is properly cast under section 3253, providing for additional allowances in such suits.

> [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 440–449; Dec. Dig. § 114.*]

3. PARTITION (§ 114*)—PROCEEDINGS—COSTS.
> Though plaintiff in a partition suit was allowed the full five per cent. costs provided for by Code Civ. Proc. § 3252, he is also entitled to his ordinary statutory allowance.

> [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 440–449; Dec. Dig. § 114.*]

Appeal from Special Term, Dutchess County.

Action by Edwin M. Johnston against Henry P. Johnston and others. From a judgment for plaintiff, defendant Henry P. Johnston appeals. Affirmed.

Argued before BURR, THOMAS, RICH, STAPLETON, and PUTNAM, JJ.

John J. Donnelly, of Beacon, for appellant.
George Worrall, of Poughkeepsie, for respondent.

PER CURIAM. [1] In this partition suit the court gave leave to issue a supplemental summons, which brought in as defendants the administrators of the estate of Henry C. Johnston, deceased. The court also, on grounds that are not questioned, set aside the first sale, and directed a resale. The two lots of land in suit realized $6,400, which, less costs, was distributed among the parties according to their interests. As this sale was made within three years after the granting of letters of administration, it is urged that the moneys should have been paid into court. Code of Civil Procedure, § 1538. But this interlocutory judgment did not provide that the sale should "be free from the lien of every debt of such decedent." A final accounting of the estate had also been had before the surrogate. The court, therefore, could distribute the fund to those entitled, and was not called on to tie up the part of the proceeds representing the Estate of Henry C. Johnston.

[2-4] The referee's percentage for paying out moneys (section 3297) was rightly cast under Code of Civil Procedure, § 3253. The court gave allowances in all of 5 per cent. although plaintiff also taxed $60 statutory allowance. Code of Civil Procedure, § 3252. This was not error. By the words "total allowances" (Warren v. Warren, 203 N. Y. 250, 96 N. E. 417), which cannot exceed 5 per cent., Judge Werner meant those given by the court, and did not refer to the statutory allowance of $60 under section 3252 of the Code of Civil Procedure, which follows a recovery "as a matter of course" (O'Neill v. Gray, 39 Hun, 566). While these proceedings were not exceptional or peculiarly difficult, the allowances aggregating 5 per cent. were clearly within the court's discretion.

The final judgment appealed from is affirmed, but without costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes